L. MOKE v. LEOPOLD FELLMAN.

Where the defendant, after plea of general denial and tender, and when about to go into trial, asked leave to file a plea of the infancy of the plaintiff, which was refused, it was held that the plea should have been offered before answer on the merits, there being nothing in its character that could claim favor from the Court when presented out of the regular order of defence.

Letters from the drawer to the drawee, by whom the draft has been accepted, are not admissible in evidence to show that the draft was for too large an amount, in a suit on the draft, against the drawee.

A verdict to the following effect, "We, the jury, find for the plaintiff the amount due on the draft, with usual interest," held to be sufficiently certain ; there being a credit on the draft, which was allowed in the judgment.

Appeal from Travis. Tried below before the Hon. Thomas H. Duval.

*Campbell & Smith*, for appellant.

*Turner* and *Sneed*, for appellee.

LIPSCOMB, J. This suit was brought by the appellee, on a draft drawn in his favor on the appellant and accepted by the latter. The defendant below answered by a general denial of the charges in the petition. 2nd. Tender of all, excepting

twenty-five dollars, which he avers that he had been instructed by the drawer to retain in his hands. After these pleas, and when about to go into trial, the defendant asked leave to file a plea in abatement, on the ground of the infancy of the plaintiff, which was refused. On the trial the defendant offered to prove that he had received letters from the drawer of the draft requesting him to withhold the payment of twenty-five dollars, alleging that the drawer had drawn for that amount too much. The existence of the letters and their loss was proven. This evidence was rejected by the Court. The rejection of this evidence, and the refusal to receive the plea of the infancy of the plaintiff, are assigned as error.

The plea of the infancy should have been offered before answer, and there is nothing in its character that could claim any favor from the Court, when presented out of the regular order of defence ; and the Court did not err in refusing to receive it.

There is no error in rejecting the evidence of the letters of the drawer of the draft. The drawer could not make evidence in his own favor against the holder of his draft. The letters would not have been evidence if they had been introduced. It was therefore right and proper to reject proof of their contents.

The only remaining ground of error, worthy of notice, is that the verdict of the jury does not support the judgment of the Court. There is nothing in this assignment, when the record is properly understood. It appears that the jury made two returns ; the first found " for the plaintiff one hundred and forty-six dollars, with interest and costs up to the time when the legal tender was made." This was very properly regarded by the Court as no verdict, because it did not fix the time of the tender, and the Court directed them to return again and consider of their verdict. Afterwards they returned into Court the following verdict : We the jury find for the plaintiff the amount due on the draft, with usual interest. This

verdict was received by the Court, and it was on this that the Court rendered judgment. By an irregularity in making up the record, the order of time when the two returns were made has been transposed, making the first last, and the judgment following, would, without further examination of the record, seem to have been rendered upon the return immediately preceding it. The bill of exceptions, made a part of the record, sufficiently explains the Clerk's mistake, and shows to which return the judgment applies. The verdict is not as explicit as it might have been ; it finds, however, in effect, what the draft shows to be due, and such findings have been regarded as sufficiently certain. There was a credit upon the draft, which seems to have been allowed in the judgment. The statement of facts shows a complete failure to sustain the plea of tender, and there was no ground for a new trial. The judgment is affirmed.

Judgment affirmed.