[Opinion delivered March 7, 1882.].

---

MARY L. MONTGOMERY v. J. E. CARLTON.

(Case No. 1357.)

1. PLEADING.— A plea in trespass to try title which sets up title as resulting from a parol gift of the land in controversy, which fails to allege that the alleged donee made valuable improvements on the land, is bad on demurrer.

2. JURISDICTION.— The county court acquiring jurisdiction by service of citation on minor heirs in a proceeding for partition should

appoint a guardian *ad litem* (Laws of 1876, p. 120, secs. 102-3). But if this is not done, the judgment rendered in the cause is voidable only and cannot be subject to a collateral attack.

3. PRACTICE — CHARGE OF COURT.— When the plaintiff has proved a *prima facie* legal title in himself, and the evidence of defendant does not establish title in him, it is proper for the court to instruct the jury to return a verdict for plaintiff.

APPEAL from Colorado. Tried below before the Hon. Everett Lewis.

Suit in trespass to try title and for damages for one hundred and ninety acres of land, part of the C. Dyer league, situated in Colorado county, brought by James E. Carlton against Mary L. Montgomery, Jane S. Montgomery, Morgian Montgomery, Ella Montgomery, B. F. S. Montgomery, Jessie Montgomery, and William Montgomery, all minors except Mary L. Montgomery, who was the guardian of the persons and estates of the other defendants. Both parties claimed under a common source of title — Mrs. Frances Montgomery, deceased.

The plaintiff Carlton claimed under a sale for partition of this and other property, inventoried as property of her estate, made under an order of the county court.

The defendants claimed title under an alleged parol gift made by Mrs. Montgomery, and who was their grandmother, to their deceased father, John G. Montgomery.

They further attack the title of plaintiff Carlton on the ground that they were interested in the estate of Mrs. Montgomery, and that in the partition proceedings under which Carlton claimed, they being minors, were not represented by guardian, either general or *ad litem*.

It appears by bill of exceptions that on the trial below the defendants attempted to prove that Mrs. Montgomery gave the land in controversy to John G. Montgomery and placed him in possession of the same, and that he continued to reside thereon from May 10, 1870, until his death in 1878; but that the court refused to admit this testimony. It does not appear that John G. Montgomery

made any improvements on the land, and none are alleged to have been made by him or the defendants. The testimony as contained in the statement of facts shows that John G. Montgomery was not placed in the exclusive possession of the land, but lived thereon, in joint possession of his mother, Mrs. Montgomery; and further, that before his death he disclaimed to own the land under the alleged gift, but rented it from the executor of Mrs. Montgomery; also that by her will she gave to the defendants, and who were the minor children of John G. Montgomery, an equal share in her property — including this in controversy — with her other two sons, and that under the administration on this will the partition was had under which plaintiff Carlton claims. The bill of exceptions shows that the defendants objected to the introduction in evidence of the judgment and proceedings under which this partition was had, on the ground that they were minors and had no general guardian, and no guardian *ad litem* was appointed to represent them. The statement of facts, however, shows that all the minors were regularly served with notice of the partition proceedings. On the trial below judgment was rendered for the plaintiff Carlton, from which this appeal is taken.

*F. Barnard*, for appellant.

I. The homestead of a family constituted no part of the estate subject to administration, and the order of the court ordering its partition and sale was void for want of jurisdiction. Pasch. Dig., art. 5487; id., 6834; Kessler *v.* Draub, 52 Tex., 58; Taylor *v.* Boulware, 17 Tex., 77.

II. The judgment of the county court of Colorado county, ordering the partition of the property in dispute, and its sale for partition, is void as to persons interested who were not represented by a guardian or guardian *ad litem*. Pasch. Dig., art. 1358; Wright *v.* McNutt, 49 Tex., 429, 430.

III. A judgment of a court as against minors who are not represented by a guardian or guardian *ad litem* is void as to such minors, and a sale made under said judgment of property belonging to said minors confers no title. Pasch. Dig., art. 1358; Wright *v.* McNutt, 49 Tex., 429, 430.

IV. The verbal gift of the property in dispute by Mrs. Frances Montgomery to her son, John G. Montgomery, for a homestead for himself and family, accompanied with the delivery to him of the possession, was sufficient to vest an equitable title in him and his children, and it was error to exclude the testimony offered to prove the gift and delivery of the possession. Willis *v.* Mathews, 46 Tex., 438; Murphy *v.* Steel, 43 Tex., 133; Hendricks *v.* Snediker, 30 Tex., 296.

*Foard & Thompson*, for appellee.

BONNER, ASSOCIATE JUSTICE.— The two principal questions in this case relate, *first*, to the validity of the alleged parol gift of the land in controversy from Mrs. Frances Montgomery to John G. Montgomery, the father of appellants, and under which they claim; *second*, to the validity of the sale of the land under the proceedings for partition had in the county court under which appellee Carlton claims.

I. As to the validity of the alleged parol gift.

The rule adopted by this court is that a parol gift of land will be sustained and enforced, when clearly proven, and when possession has been taken and valuable improvements made on the faith of it. Willis *v.* Mathews, 46 Tex., 482; Murphy *v.* Steel, 42 Tex., 135; Browne on the Statute of Frauds, §§ 467, 491*a*.

If it be conceded that the possession of John G. Montgomery given him by Mrs. Frances Montgomery jointly with herself was such possession as intended by these decisions, there was still wanting the other essential ingre-

dient of valuable improvements, required to make the parol gift binding. The answer setting up this gift was defective in not alleging such improvements, and the question would have been more appropriately raised by demurrer to the answer than by objection to the testimony. But in view of this defect in the pleadings, and that there was no offer to introduce evidence of such improvements, we are of opinion that the court did not err in the exclusion of the testimony as shown by the bill of exceptions.

II. As to the validity of the sale under the proceedings for partition.

The county court had general jurisdiction over the subject matter of the partition of the estate of Mrs. Frances Montgomery; and the personal service required by the statute on the minor heirs of John G. Montgomery, and who under the will of Mrs. Montgomery were distributees of her estate, gave the court jurisdiction over their persons. Under the statute, the court after having thus acquired jurisdiction should have appointed a guardian *ad litem* to represent the minors, they not having a general guardian. Laws 15th Leg. (1876), 120, secs. 102–3.

The failure to do this, however, was but an irregularity, which, though it may have rendered the judgment of the county court voidable on a direct proceeding, did not render it absolutely void, so that it could be impeached on a mere collateral attack like the present. Freeman on Judgments, § 151, citing Simmons *v.* McKay, 5 Bush (Ky.), 25.

III. The court charged the jury that the plaintiff had made out his paper title to the land described in the petition, and they should return a verdict for the plaintiff for the land so described.

This charge is assigned as error because upon the weight of evidence.

It is the proper practice for the court to charge the legal effect of the paper title offered in evidence, and when, as

in this case, the plaintiff proved such *prima facie* legal title, and the evidence of the defendant failed to prove title in themselves, then it is not a charge upon the weight of evidence for the court to instruct the jury to return a verdict for the plaintiff.

There being no error in the judgment below, the same is affirmed.

AFFIRMED.