## H. P. BONNER ET AL. v. O. A. BONNER.

Decided January 23, 1904.

**1.—Statute of Frauds—Parol Gift of Land—Possession and Improvements.**

The taking possession and making valuable improvements on the faith of the gift are essential ingredients to take a parol gift of land out of the operation of the statute of frauds and make it binding.

**2.—Same—Parol Partition of Land to Children—Acquiescence.**

But actual possession and improvements are not necessary in a case where a father divided his estate among his children by parol gift and partition of lands prior to his death, and the children have each held and claimed their parts in severalty for more than twenty years, since such partition is binding upon them.

**3.—Same—Parol Lease—Possession.**

Where the issue of limitations was in the case it was competent for plaintiff to prove that possession of the land by defendants' ancestor was by virtue of a lease by and under him, plaintiff, although it was a parol lease, and for a longer period than one year.

**4.—Common Source—Tax Deed.**

A tax deed purporting to evidence the sale of land of an unknown owner can not be given in evidence in trespass to try title to show that the parties do not claim from a common source, since it can not be known from such deed whether they claim from the same or a different source.

Appeal from the District Court of Freestone. Tried below before Hon. L. B. Cobb.

*W. B. Moss, W. R. Boyd, J. G. Anderson,* and *Callicutt & Call,* for appellants.

*T. H. Bonner, C. L. Watson,* and *Anderson & Anderson,* for appellee.

TALBOT, ASSOCIATE JUSTICE.—This is an action in the nature of trespass to try title, instituted by O. A. Bonner, appellee, against Mrs. Martha Bonner, W. P. Bonner, Mary E. Richards and her husband W. E. Richards, J. A. Bonner, Annie W. Anderson and her husband A. D. Anderson, and Sallie Belle Robinson and her husband W. B. Robinson, in the District Court of Freestone County on the 20th day of January, 1902, to recover possession of and quiet his title to about 1000 acres of land, a part of the James James survey.

Appellee, O. A. Bonner, alleged in substance that his father, Dr. John Bonner, gave him by parol gift and partition, as his part of his estate, the said land in controversy, and that at the death of his father he took possession of the same and has been in actual peaceable and adverse possession of said land under said gift and partition since his father's death, a period of more than twenty years; and that he made valuable improvements on said land prior to the institution of this suit. That on or about the 1st day of January, 1900, Dr. James I. Bonner, deceased, defendants' grantor, entered upon said land and ejected him therefrom, and defendants continue to withhold possession from him. He further alleges that the said Dr. John Bonner, deceased, prior to his death, by parol gift divided out his lands and other property to his children. That

Dr. James I. Bonner, deceased, received by parol gift and partition at the same time his portion of said estate of equal value with the other children. That the lands so given to the said James I. Bonner in said partition is now claimed by the appellants as heirs of the said James I. Bonner, deceased, under and by virtue of said parol gift and partition. That all of the heirs of the said Dr. John Bonner, deceased, ratified said partition by accepting same and taking possession of said lands, and are now occupying and enjoying the peaceable and uninterrupted possession of the same and have been since the death of said John Bonner, deceased, a period of more than twenty years. That all the heirs of the said John Bonner, deceased, accepted said gift and partition and have since recognized and admitted that title passed in partition to each to the land and property thus given by their father to each of them and to the exclusion of the other.

Appellee further alleges in substance that on or about the 1st day of November, 1884, Dr. James I. Bonner agreed with him that if he would give him, Dr. James I. Bonner, the use of the pasturage of a portion of his above described land, to wit, about 400 acres, that he, the said James I. Bonner, would fence it in and keep up the fence for and in consideration of the use of the same as a pasture for his stock, and would annually pay the State and county taxes due not only on the land he thus inclosed for pasturage, but the State and county taxes on appellee's entire tract of land. That said contract was faithfully complied with on the part of the said James I. Bonner.

All of the defendants, except appellants W. P. Bonner and Mrs. Martha Bonner, disclaimed as to all the land sued for.

Appellant Mrs. Martha Bonner disclaimed as to all the land sued for, except about 300 acres described in her amended original answer filed February 26, 1903. Appellant W. P. Bonner disclaimed as to the land described in Martha Bonner's pleadings and to about 200 acres known as the Anglin field, described in his answer, filed February 26, 1903. Besides said disclaimers, appellants Mrs. Martha Bonner and W. P. Bonner answered by general and special exceptions, general denials, pleas of not guilty, and the said W. P. Bonner pleaded the statute of limitation of ten years. The case came on for trial February 27, 1903; appellants' exceptions were overruled, a jury trial had, and verdict was rendered for appellee for all the land sued for, and against appellant W. P. Bonner for $15 for timber converted, and judgment entered accordingly. Appellants excepted to the action of the court in overruling their demurrers and filed a motion for new trial, which being overruled, they appeal to this court and ask reversal of said judgment.

The evidence shows that Dr. John Bonner, of Freestone County, Texas, left surviving him at the date of his death in 1878 the following children: Dr. James I. Bonner, John L. Bonner, Andrew Bonner, O. A. Bonner, Mrs. W. W. McCrery and I. H. Bonner. Dr. James I. Bonner is now dead, and was the husband of appellant Mrs. Martha Bonner and father of appellant W. P. Bonner. Dr. John Bonner owned and pos-

sessed a large landed estate, and before his death by parol gift gave each of his said children, at different dates, specific portions thereof. Each of said children accepted the gift and entered into possession of the parcels of said land allotted to them respectively, more than twenty years before the institution of this suit, and have held possession thereof in severalty, using and enjoying the same as their own property, since the date of their respective entries. It does not appear that the respective tracts so given and 'received were not of equal value, or that there was any partiality or unfairness in the distribution made. Dr. John Bonner executed and delivered to his children, John L. Bonner, I. H. Bonner and Mrs. McCrery, deeds of conveyance for the lands given to them. These deeds, however, or at least one of them, were given at their request and long after they had been in possession of said lands. Andrew Bonner and appellee did not receive deeds from their father for their respective tracts, but the record does not show that any request was ever made therefor. A deed from Dr. John Bonner to James I. Bonner, dated January 9, 1871, for a part of the Bankhead and Claypool surveys were introduced in evidence, but said deed was neither acknowledged nor recorded. The land in controversy is a part of that portion given to appellee, O. A. Bonner, and is a part of the James James survey. In 1884 or 1885 Dr. James I. Bonner, through whom appellants claim, leased that part of appellee's land in controversy for an indefinite length of time by a verbal agreement, to be used by him as a pasture for his stock. He agreed for the use of said land to fence it and pay the annual taxes thereon, and on appellee's entire tract of land, during the time he so held and used the pasture. By virtue of this agreement Dr. James I. Bonner entered upon said land and held it under the terms thereof, keeping up the fences and paying appellee's taxes for the use of the same. If, prior to a short time before his death and the institution of this suit, he held the same adversely to appellee, such holding was unknown to appellee, and not of such character as to affect him with notice or knowledge thereof. The record fails to show that any improvements were made on the land by appellee.

Dr. James I. Bonner conveyed the land in controversy to his wife, Martha Bonner, on the 12th day of February, 1895, but the deed was not filed for record until July, 1897; and he and his wife deeded to appellant W. P. Bonner on the 27th day of November, 1900, the land claimed by him in this suit.

Appellants' first and second assignments of error are predicated upon the action of the court in overruling their special exceptions to appellee's petition. The grounds of complaint are:

1. That said petition attempts to assert a parol gift of land, accompanied by possession and valuable improvements made from Dr. John Bonner, when said petition shows on its face that possession of said land was not taken by appellee until after the death of said Dr. John Bonner, and that no improvements were made by appellee on said land during the lifetime of said Dr. John Bonner; and that said petition

.does not show that improvements of any value were ever placed upon said land by appellee.

2. That a parol agreement is therein alleged between Dr. James I. Bonner and appellee wherein Dr. James I. Bonner leased the land in controversy, and said petition shows that by the terms of said lease it was not and could not have been completed within the period of one year, and was in violation of the statute of frauds.

The question presented under these assignments for decision is the same raised, though in different form, by appellants' fourth, fifth, sixth, eighth and ninth assignments of error. The contention in effect is, that the petition complained of bases appellee's right to recover solely upon the ground that Dr. John Bonner, by parol gift, gave the land in controversy to him, and that such a gift can not be sustained and enforced unless it is alleged and proved that appellee took possession of the land in Dr. Bonner's lifetime, and upon the faith of such gift made valuable improvements thereon, and this seems to be the theory upon which the case was submitted to the jury. If it be true that appellee's petition rests his right to recover alone upon the fact of a parol gift from his father, then the proposition of law asserted as applicable thereto is correct, and appellants' exceptions should have been sustained. It is well settled law in this State that the taking possession of and making valuable improvements on the faith of the gift are essential ingredients to take a parol gift of land out of the operation of the statute of frauds and make the same binding. Murphy v. Steel, 43 Texas, 123; Willis v. Matthews, 46 Texas, 478; Montgomery v. Carleton, 56 Texas, 361; Baker, Executor, v. De Freese, 2 Texas Civ. App., 524.

We do not concur, however, in the proposition that appellee's right to recover the land is predicated alone upon a parol gift of the same from his father, without possession having been taken and improvements made. The petition, it is true, alleges that such gift was made, but it also alleges, in addition to the parol gift, to appellee, that a similar gift was made to each of Dr. John Bonner's children, and that each accepted the gift and went into possession of the land given him in partition of their father's estate, and has been enjoying the same for more than twenty years. These allegations are sustained and established by the undisputed evidence in the case, and if the property so distributed among his children did not constitute Dr. John Bonner's entire estate, and was not the only partition thereof ever made, it is not shown by the record before us. On the contrary, that such property did comprise his entire estate and said gifts constitute the only partition thereof ever made, is the fair, if not irresistible, conclusion deducible from all the facts and circumstances in evidence before us. Dr. John Bonner having given and distributed his lands to and among his children in his lifetime, and each one having gone into possession of the part allotted to him and acquiesced in such partition and held the same in severalty for more than twenty years, no fraud or inequality in the partition being alleged or shown, we are of the opinion the same is valid and conferred

title. The above facts, except as to the possession of appellee of the land allotted to him, are undisputed, or if so, were so conclusively established by the evidence that ordinary minds could not reasonably differ about them. The issue of appellee's possession of the land was submitted to the jury and their finding was favorable to appellee. The trial court properly overruled appellants' objections to that part of appellee's petition setting up that Dr. James I. Bonner had leased from him the property in controversy by a parol lease which could not be performed in one year, and to the evidence offered in support thereof. The appellant W. P. Bonner had interposed the statute of limitation of ten years in support of his claim to the land sued for, and the character of Dr. James I. Bonner's possession of the same, under whom appellants claim, thereby became a material inquiry. The parol lease pleaded and the evidence offered in support thereof were pertinent to that issue. If Dr. James I. Bonner had held possession of the land under and by virtue of said lease, and not adversely to appellee, then said plea of limitation would avail appellant nothing. The trial court correctly submitted the issue to the jury, and their verdict embraces a finding upon the question in favor of appellee.

There was no error in excluding the tax deed from James Robinson, tax collector of Freestone County, to James I. Bonner, dated May 1, 1878, purporting to convey to said Bonner 1971 acres of land a part of the J. James survey in said county, offered by appellant to show or tending to show that they and appellee did not claim title to the land in controversy under a common source. It is true, that it has been held in this State, that a "void tax deed purporting to evidence the sale of land as the property of an owner named, may be used to show the claim of title by a defendant when sued by some one claiming from the same source." Gavin v. Lasker, 71 Texas, 433; Burns v. Goff, 79 Texas, 236. But it will be observed that in such cases the deeds admitted purported to evidence the sale of land as the property of an owner named. If the deed offered purports to evidence the sale of land of an unknown owner, it can not be known therefrom whether the parties claim from the same or a different source. The deed offered and excluded in the present case, as shown by the bill of exception, recited that the land was sold as the property of an "unknown owner." Its recitals were not inconsistent with the claim of common source asserted by appellee, and would have amounted to no evidence on that issue. The evidence does not raise an issue on the question of common source, and the court correctly refused appellants' special instruction requested, as shown by their eighth assignment of error.

As to the contention of appellants that a division line between the lands owned by appellee and Dr. James I. Bonner had been agreed upon and recognized by them, by the location of which it appeared that appellants were entitled to the land in controversy or a part thereof, it is sufficient to say that the evidence was conflicting upon the issue, it

was fairly submitted to the jury, they found adversely to appellants' contention, and we are not authorized to disturb their finding upon it.

Upon the whole case we believe a correct result has been reached. The controverted issues involved were submitted to the jury. Their findings thereon were favorable to the appellee. That Dr. John Bonner divided his landed estate among his children by way of partition, and that the same has been acquiesced in for many years by them, is placed beyond controversy by the facts and circumstances disclosed by the record, and is of that uncontradicted and conclusive character such as would have warranted at the hands of the court a peremptory instruction upon that phase of the case. In this view of the case it becomes immaterial that the court may have erred in charging the jury in effect to find for appellee in case they believed from the evidence that Dr. John Bonner gave him the land in controversy and put him in possession thereof, regardless of valuable improvements having been made thereon by him on the faith of such gift.

We believe justice has been attained in this case, a proper verdict and judgment rendered, that no reversible error is found in the record, and the judgment of the court below is affirmed.

*Affirmed.*