The court, it appears, determined in the original trial both that the plea in abatement should be overruled and that the defendants' defense of priority of lien on the cotton seed should not prevail. The instant suit to vacate that original judgment is in effect an effort to try the same questions a second time. The instant proceeding, though, is based upon the contention, as pleaded that the original judgment was void because there was a lack of representation of the minor plaintiff by a next friend. But is the judgment in the original case void, as pleaded? It is not an absolute prerequisite to jurisdiction of an action by a minor that he should sue by next friend, but it is a matter entirely of procedure; and the fact that the minor plaintiff was without such representation makes the judgment merely voidable at the instance of the minor and not void. Montgomery v. Carleton, 56 Tex. 361; Martin v. Weyman, 26 Tex. 460; 14 R.C.L. p. 286. And upon the ground that such judgment is not void a plea in a abatement that the plaintiff is a minor and sued without a next friend is waived by the adult defendant pleading to the merits of the suit. Moke v. Fellman, 17 Tex. 367, 67 Am.Dec. 656. And we cannot say from the record that the refusal of the temporary injunction was not upon that particular ground.
It is concluded that the trial judge did not err in refusing the temporary injunction, and that the judgment should be affirmed. *Page 982