SAFEWAY STORES, INCORPORATED, OF TEXAS V. PAULETA RUTHERFORD, A MINOR, BY NEXT FRIEND, MRS. ABBY RUTHERFORD.

No. 7252.   Decided January 5, 1938.
(111 S. W., 2d Series, 688.)

*Cantey, Hanger & McMahon, J. A. Gooch,* and *James C. Wilson, Jr.,* all of Fort Worth, for plaintiff in error.

It was error for the Court of Civil Appeals to hold that a married woman is not under any disability to sue as next friend though she has not been joined by her husband in such suit. Carroll v. Embry, 229 S. W. 575; Breckenridge Ice & Cold Storage Co. v. Hutchens, 260 S. W. 684.

A plea in abatement and motion to dismiss, where sworn to, may be presented at any time during the trial where the opposing party has used diligence in attempting to secure the information necessary for said motion and where the plaintiff has by one means or another misled the opposing party in order that such plea and motion could not be presented in time. Such facts bringing the opposing party within an exception to the rule. Same authorities.

*Scarborough & Fly,* of Abilene, for defendant in error.

A minor is under the protection of the court, which acquires jurisdiction upon the filing of suit, and it is the duty of the court to see that the minor is properly represented and its interest protected, and, if the parents are not living together, either parent has the right to represent the minor as next friend, the court determining the fitness of such parent by permitting the suit to be prosecuted. Speer's Law of Marital Rights in Texas, (3d ed.) 402; 31 C. J. 1116; Gulf, C. & S. F. Ry. Co. v. Styron, 66 Texas 421, 1 S. W. 161; Brooke v. Clark, 57 Texas 105.

MR. JUSTICE CRITZ delivered the opinion of the Court.

Pauleta Rutherford, a minor, brought this suit by her mother Mrs. Abby Rutherford, as her next friend, in the district court of Taylor County, Texas, against Safeway Stores, Inc., for damages for personal injuries alleged to have resulted to her, Pauleta Rutherford, on account of the negligence of Safeway Stores, Inc. The suit was brought purely for the benefit of the minor. No damages for the mother were sought. Trial in the district court resulted in a judgment for Pauleta Rutherford for $6,-

000.00. On appeal by Safeway Stores, Inc., this judgment was affirmed by the Eastland Court of Civil Appeals. 101 S. W. (2d) 1055. Safeway Stores, Inc., brings error.

A reading of the opinion of the Court of Civil Appeals will disclose that it decides a number of law questions. Only one question of law is presented to this Court; which is the contention that the district court should have abated and dismissed this suit because Pauleta Rutherford could not maintain it by and through her mother, Mrs. Abby Rutherford, as her next friend, for the reason that Mrs. Abby Rutherford was a married woman at the time this suit was filed and at the time it was tried.

We will hereafter refer to the parties as follows: to Mrs. Abby Rutherford, as Mrs. Rutherford; to Pauleta Rutherford, as Pauleta; and to Safeway Stores, Inc., as the defendant.

As supporting the judgment of the district court we conclude that the record shows the following facts:

1. This suit was filed in the district court of Taylor County, Texas, by Pauleta, by and through her mother, as her next friend, on August 13, 1935, and it was tried in such court on October 22, 1935.

2. The petition in the district court states: "Comes now Pauleta Rutherford, a minor, by her next friend, her mother, Mrs. Abby Rutherford," etc. Such petition is silent as to whether or not Mrs. Rutherford was a widow or feme sole.

3. At the time of this trial Mrs. Rutherford was separated from her husband, and then had pending a divorce suit against him.

4. Pauleta was a minor, and was then living with her mother.

5. Defendant answered to the merits of this cause and filed no plea in abatement until after the close of the evidence. In this regard, it appears that the trial was begun in the district court without any issue being made regarding Pauleta being entitled to maintain the suit by and through her mother, Mrs. Rutherford, as her next friend. After several witnesses had testified, Mrs. Rutherford was placed on the witness stand for Pauleta, and gave her evidence as adduced by counsel for Pauleta. On cross examination by counsel for defendant, Mrs. Rutherford testified that she was a married woman; that her husband was living; that she was separated from him; that she was not divorced from her husband, but had a divorce suit against him pending; that Pauleta is the child of Mrs. Rutherford and her undivorced husband; and that such husband was not at home.

6. After the evidence just mentioned was given, together with other evidence, and after Mrs. Rutherford had retired from the witness stand, counsel for the defendant next moved the court for the right to have Pauleta examined by a physician of defendant's own choice. This motion was overruled.

7. After the happening of the event last above mentioned, counsel for the defendant orally moved the court to abate and dismiss the suit on the ground that, since Mrs. Rutherford was a married woman, Pauleta could not bring or maintain this suit by or through her, Mrs. Rutherford, as her next friend. It appears that the above oral motion was overruled by the trial court.

8. After the happening of the above events, several more witnesses were heard and both sides rested. At this point, for the first time, defendant filed its plea in abatement in writing, wherein it moved the court to abate and dismiss this suit, on the ground that Mrs. Rutherford was a married woman, and therefore Pauleta could not bring or maintain this suit by her as next friend. This plea was overruled.

■ Under the above record, we are of the opinion that no error was committed by the trial court in overruling defendant's plea in abatement. Under the express provisions of Article 1994, R. C. S. 1925, a minor who has no legal guardian may sue and be represented by next friend. When a' suit is instituted on behalf of a minor by a next friend, the minor is the real party plaintiff. Long v. Behan, 19 Texas Civ. App. 325, 48 S. W. 555. If it be conceded that a minor can not sue by a married woman as next friend (a point we do not decide), still that question can only be raised by proper pleading seasonably filed; and the filing of the plea in abatement raising this issue under the circumstances detailed by this record was too late. Moke v. Fellman, 17 Texas 367, 67 Am. Dec. 656; Montgomery v. Carlton, 56 Texas 361; Martin v. Weyman, 26 Texas 460; Breckenridge Ice & Cold Storage Co. v. Hutchens, 260 S. W. 684.

■ Counsel for defendant contends that it seasonably filed the plea in abatement after he learned that Mrs. Rutherford was a married woman. We do not think this record will sustain such a contention. The petition in the district court discloses upon its face that Mrs. Rutherford had been married. In this connection, such petition designated Mrs. Rutherford as "Mrs." and as the mother of Pauleta Rutherford. We think such a petition affirmatively discloses that Mrs. Rutherford had been married to a man by the name of Rutherford, who must have been the father of Pauleta. The petition did not designate Mrs. Rutherford as a widow or feme sole. We think such a petition certainly

put the defendant on inquiry in regard to the matter under discussion.

In his written plea in abatement, as filed in the district court, defendant says that at the time it filed its answer to the merits, its information, on investigation, was that Mrs. Rutherford was a widow. So far as we have been able to ascertain from the record, the defendant offered absolutely no testimony to substantiate this allegation. On the other hand, to our minds this record, taken as a whole, shows that the slightest investigation on the part of defendant would have disclosed the facts to it.

■ Finally, we think the defendant waived this matter after it absolutely knew that Mrs. Rutherford was a married woman. In this regard, as already shown, this record discloses that after Mrs. Rutherford had testified that she was married and that her husband was living, the defendant made another motion foreign to this issue; then made an oral motion, and then proceeded with the testimony without filing its plea in abatement, and did not file such plea until after all of the evidence was in. Such a record certainly shows a waiver after full knowledge.

■ Defendant, in effect, contends that the question of Mrs. Rutherford's capacity, or incapacity, to act as the next friend of her minor daughter in bringing this suit involves no issue of waiver. This contention is based upon the further contention that this judgment is void for lack of a necessary party plaintiff, the husband of Mrs. Rutherford. Of course, if Mr. Rutherford is a necessary party plaintiff, the judgment is void, and no question or issue of waiver is involved. We think, however, that this judgment is not void, and would not be, even if Pauleta had sued alone and without the intervention of her mother as her next friend. In this regard, we think it is the settled law that a judgment in favor of a minor plaintiff is not void, even in a case where such minor sues alone and not by next friend. Gross v. Griffin, (Civ. App.) 221 S. W. 764; Montgomery v. Carlton, supra; Moke v. Fellman, supra; Martin v. Weyman, supra.

We do not decide the question as to whether or not this cause should have been dismissed and abated on account of Mrs. Rutherford's coverture, had the question been properly and seasonably presented in the trial court. It is not necessary to decide that question here. We simply decide that the judgment is not void, and that the defendant waived the issue of Mrs. Rutherford's coverture.

The judgments of the Court of Civil Appeals and of the district court are both affirmed.

Opinion delivered January 5, 1938.