## WADE v. SHAUGHNESSY.
### No. 2810.

Court of Civil Appeals of Texas. Eastland.
June 9, 1950.

Rehearing Denied June 30, 1950.

Dell Barber, Colorado City, for appellant.

Eldon Mahon, Colorado City, Ratliff & Worrell, Colorado City, for appellee.

COLLINGS, Justice.

Appellee Betty Lou Shaughnessy brought this suit in the District Court of Mitchell County, Texas, against appellant William H. Wade, Jr., seeking to change the provisions of a divorce decree entered in said court on February 8, 1946, wherein appellee was awarded the custody and control of their minor child, David Harrison Wade, subject to the right of appellant William H. Wade to see and visit the child at reasonable times and further providing that when the child reached the age of five years, appellant should be entitled to have the child visit with him as much as a week at a time, not to exceed three weeks per year. The trial court entered judgment for appellee Betty Lou Shaughnessy setting aside such former judgment insofar as it concerned the custody of the child and awarded the sole custody to appellee, subject only to the right of appellant to visit

the child at reasonable times. From this judgment, William H. Wade, Jr. has appealed.

■ Appellant contends that the trial court erred in entering any judgment herein because it had no jurisdiction of the cause and, as basis therefor, shows that the term of court at which the decree of divorce and judgment for custody was entered in February of 1946 has long since expired and further contends that the evidence shows that neither appellant nor appellee are residents of Mitchell County. In the view that we take of the case, it is not necessary to determine whether the evidence shows that appellee was a resident of Mitchell County. Numerous cases indicate that suits urging changed conditions and seeking to set aside or alter the provisions of a divorce decree awarding custody of a minor child are new and independent actions over which all district courts of Texas have general jurisdiction. So far as the jurisdiction of the court is concerned, it is not material whether either appellant or appellee are residents of Mitchell County. Goldsmith v. Salkey, 131 Tex. 139, 112 S.W.2d 165, 116 A.L.R. 1293; Black v. Black, Tex.Civ.App., 2 S. W.2d 331; Stone v. Dickerson, Tex.Civ. App., 138 S.W.2d 200; Foster v. Foster, Tex.Civ.App., 230 S.W. 1064; Gazell v. Garcia, Tex.Civ.App., 187 S.W. 410; Pittman v. Byars, 51 Tex.Civ.App., 83, 112 S. W. 102; Keith v. Keith, Tex.Civ.App., 286 S.W. 534.

■■ The evidence shows that although appellant is, and, at all times since the filing of this suit, has been a resident of Ector County, Texas, he has filed no plea of privilege to be sued in the county of his residence. Such suits are covered by the general laws of venue and appellant, by not filing a plea of privilege, waived any right that he had to have the venue of the case changed from Mitchell County. Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016; Wilson v. Wilson, 137 Tex. 528, 155 S.W.2d 601; Isom v. White, Tex.Civ.App., 202 S.W.2d 486; Hughes v. Hughes, Tex. Civ.App., 211 S.W.2d 785; Quick v. Lindsay, Tex.Civ.App., 208 S.W.2d 910.

■ Appellant urges, in point No. 2, that the court committed fundamental error in entering judgment against him because the pleadings and evidence show that Betty Lou Shaughnessy is a married woman and is not joined in this suit by her husband, and that she is, therefore, lacking in capacity to bring this suit. Appellee's petition as plaintiff in the trial court and the evidence there adduced both show that appellee is a married woman. Although appellant had knowledge of appellee's status as a married woman by reason of such pleading and evidence, he made no objection by plea in abatement, exception or otherwise to her capacity or right to bring the suit. The question is first raised on this appeal. In our opinion, under the facts of this case, the defect in parties was waived and cannot now be urged by appellant. Safeway Stores, Inc., of Texas v. Rutherford, 130 Tex. 465, 111 S.W.2d 688; Edmondson v. Williams, Tex.Civ.App., 295 S.W. 295; Gross v. Griffin, Tex.Civ.App., 221 S.W. 764; Moke v. Fellman, 17 Tex. 367, 67 Am.Dec. 656; Montgomery v. Carlton, 56 Tex. 361; Martin v. Weyman, 26 Tex. 460; Breckenridge Ice & Cold Storage Co. v. Hutchens, Tex.Civ.App., 260 S.W. 684; 32 Tex.Jur. 119.

Appellant also contends that the court erred in holding that the evidence showed a material change of conditions since the decree of divorce and, further, that the court erred in holding the evidence showed it would be to the best interest of the child to be awarded to the permanent custody of appellee, Betty Lou Shaughnessy. On February 8, 1946, the date of the decree divorcing the parties hereto, their child was under two years of age. At that time both parties were agreeable to the order of the court granting appellee the custody of the child with the provisions that appellant should have the right to visit the child at reasonable times and, further, that after the child had reached the age of five years, appellant might have the child to visit him as much as a week at a time not to exceed three weeks in any one year. This was, of course, a final judgment and may not be disturbed except upon a showing of changed

conditions. The evidence shows that in something over a year after the divorce decree, appellee was married to her present husband, Richard Barnes Shaughnessy; that her husband is now a student at the University of Michigan where he has gone to complete his education after spending two and one-half years at Sul Ross College in Alpine, Texas; that their plans are not definite concerning whether they will return to Texas after his graduation. Mrs. Shaughnessy testified that she and her husband are in position to give the child a good wholesome home; that Mr. Shaughnessy's attitude toward the child is one of kindness and consideration; that one would think "the child was his own"; that appellant has not contributed to the child's support since the divorce; that appellee has not requested him to contribute to the support of the child, but, on the contrary, has stated to appellant that she did not need the money; that she could care for the child herself. Mrs. Shaughnessy further stated that on occasions when the child returned from weekly visits with appellant that he was difficult to control and it required several days after the visit was over to "get him straightened out." After a consideration of the evidence as a whole, we do not think it can be said that there is no change in condition. The question is, whether the changed conditions justify a change in the custody order.

The primary consideration in all child custody cases is the best interest of the child itself. It is thought that no one is in better position to correctly pass upon this question that the trial judge who has the opportunity to see the witnesses and parties to the law suit, to hear their testimony and to observe their appearance, manner and demeanor. For this reason, a broad discretion is vested in the trial court in custody matters which will not be disturbed except in clear cases of abuse. In our opinion the evidence in this case does not show an abuse of discretion. Epstein v. Epstein, Tex.Civ.App., 84 S.W.2d 894; Evans v. Hunt, Tex.Civ.App., 195 S.W.2d 710; Miller v. Schnieder, Tex.Civ.App., 170 S.W.2d 301; Turk v. McLure, Tex.Civ.App., 63 S.

W.2d 1049; 15 Tex.Jur. 666, 673; Lobstein v. Watson, Tex.Civ.App., 186 S.W.2d 999; Rule 90, Texas Rules of Civil Procedure.

The judgment of the trial court is affirmed.