Opinion filed July 12,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00146-CV

                                                    __________

 

                             FRANCISCO
VENEGAS III, Appellant

 

                                                             V.

 

                                             J.R.
SILVA, Appellee



 

                                   On
Appeal from the 385th District Court

 

                                                          Midland
County, Texas

 

                                                   Trial
Court Cause No. CV46969

 



 

M e m o r a n d u m   O P I N I O N

            Francisco
Venegas III, Appellant, sued J.R. Silva alleging that Silva, an assistant
principal with Midland Independent School District, used excessive force in
disciplining Appellant with a paddle when he was eleven years old.  Silva filed
a motion to dismiss for want of subject-matter jurisdiction, and the trial
court granted the motion and dismissed Appellant’s suit for want of
jurisdiction.  We affirm.

Background
Facts

            Several
years ago, Teresa Venegas, individually and as next
friend of Francisco Venegas III, filed suit against Silva, a Midland ISD employee,
alleging that Silva used excessive force in disciplining Appellant.  Silva
filed a plea to the jurisdiction based upon Teresa Venegas’s failure to exhaust
her administrative remedies.  The trial court granted Silva’s plea and
dismissed the case without prejudice in 2004.  On appeal, this court found that
the unchallenged findings of fact and conclusions of law showed that, at the
time of the incident, Silva was employed as an assistant principal at Midland
ISD and that Midland ISD had a policy that established the procedures for parent
and student grievances.  The school policy provided for three levels of
proceedings.  Teresa Venegas followed the procedures for the first two levels
but failed to present her grievance to the board of trustees as required in the
third level.  We affirmed the trial court’s decision, and the Texas Supreme
Court denied review of our decision.  See Venegas v. Silva, No.
11-04-00246-CV, 2006 WL 2692877, at *2 (Tex. App.—Eastland Sept. 21, 2006, pet.
denied) (mem. op.) (“The failure to exhaust the requisite administrative
remedies prior to filing suit results in a lack of subject matter jurisdiction
in the trial court.”).

            Since then, Appellant has achieved the age of
majority and filed suit on his own behalf. However, the facts that informed our
prior decision have not changed.  According to the deposition of Midland ISD
school attorney Ellen House, nothing has transpired on Appellant’s grievance
since this court’s decision in 2006. Appellant has made no attempt to exhaust
administrative remedies by following Midland ISD’s grievance procedure.  Appellant
did not allege in his pleadings that he had exhausted, or even attempted to
gain access to, administrative remedies prior to filing his suit for damages.  Appellant
presented no additional facts that were not before our court in the previous
case.  In Silva’s motion to dismiss, Silva alleged that Appellant failed to
comply with the third level of the grievance procedure established by the
Midland ISD and that the time for compliance with the third level of the grievance
procedure had long since elapsed.  In his brief supporting his motion to
dismiss, Silva asserted the defensive doctrines of collateral estoppel and res
judicata.

            The trial court found that its decision was
controlled by our 2006 decision under the doctrines of res judicata and
collateral estoppel and dismissed Appellant’s case for want of subject-matter jurisdiction. 
On appeal, Appellant challenges the dismissal in a single issue.

Standard of Review

            A motion to dismiss based on a lack of subject-matter
jurisdiction is the functional equivalent to a plea to the jurisdiction
challenging the trial court’s authority to determine the subject matter of a
cause of action.  Lacy v. Bassett, 132 S.W.3d 119, 122 (Tex. App.—Houston [14th Dist.]
2004, no pet.) (citing Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547,
554 (Tex. 2000)).  Whether a court has subject-matter jurisdiction is a
question of law subject to de novo review. Tex. Dep’t of Parks &
Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004); Tex. Natural Res.
Conservation Comm’n v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002); Tex. A
& M Univ., Corpus Christi v. Vanzante, 159 S.W.3d 791, 794 (Tex. App.—Corpus Christi 2005, no
pet.).

            A party seeking to invoke the doctrine of
collateral estoppel must establish (1) that the facts sought to be litigated in
the second action were fully and fairly litigated in the prior action, (2) that those facts
were essential to the judgment in the first action, and (3) that the parties
were cast as adversaries in the first action.  Bonniwell v. Beech Aircraft
Corp., 663 S.W.2d 816, 818 (Tex. 1984).

            The issue of subject-matter jurisdiction was
fully litigated in the first case.  The fact that the litigant had not
exhausted administrative remedies before bringing suit was essential to our
finding a want of jurisdiction in the first action.  That fact remains
unchanged.  The only factual difference between the first action and this
action is that Appellant is the petitioner, instead of his mother.  However,
Teresa Venegas originally brought suit as next friend of Appellant.  When a
suit is instituted by a next friend on behalf of a minor, the minor is the real
party in interest. Safeway Stores, Inc. of Tex. v. Rutherford, 111
S.W.2d 688 (Tex. 1938).  We find that the issue of subject-matter jurisdiction
is barred by collateral estoppel from being relitigated.  Even if collateral
estoppel did not apply, we would find that there is a lack of subject-matter
jurisdiction because Appellant has failed to exhaust the available
administrative remedies prior to bringing suit.  See Venegas, 2006 WL
2692877, at *2.

            Consequently, we hold that dismissal was
appropriate in this case.  Appellant’s issue is overruled.

The judgment of the trial court is
affirmed.

 

                                                                                    PER
CURIAM

 

July 12, 2012

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.