**Opinion filed July 12, 2012**



In The

# Eleventh Court of Appeals

_____

### No. 11-11-00146-CV
_____

## FRANCISCO VENEGAS III, Appellant

## V.

## J.R. SILVA, Appellee

**On Appeal from the 385th District Court**

**Midland County, Texas**

**Trial Court Cause No. CV46969**

### M E M O R A N D U M   O P I N I O N

Francisco Venegas III, Appellant, sued J.R. Silva alleging that Silva, an assistant principal with Midland Independent School District, used excessive force in disciplining Appellant with a paddle when he was eleven years old. Silva filed a motion to dismiss for want of subject-matter jurisdiction, and the trial court granted the motion and dismissed Appellant's suit for want of jurisdiction. We affirm.

### *Background Facts*

Several years ago, Teresa Venegas, individually and as next friend of Francisco Venegas III, filed suit against Silva, a Midland ISD employee, alleging that Silva used excessive

force in disciplining Appellant. Silva filed a plea to the jurisdiction based upon Teresa Venegas's failure to exhaust her administrative remedies. The trial court granted Silva's plea and dismissed the case without prejudice in 2004. On appeal, this court found that the unchallenged findings of fact and conclusions of law showed that, at the time of the incident, Silva was employed as an assistant principal at Midland ISD and that Midland ISD had a policy that established the procedures for parent and student grievances. The school policy provided for three levels of proceedings. Teresa Venegas followed the procedures for the first two levels but failed to present her grievance to the board of trustees as required in the third level. We affirmed the trial court's decision, and the Texas Supreme Court denied review of our decision. *See Venegas v. Silva*, No. 11-04-00246-CV, 2006 WL 2692877, at *2 (Tex. App.—Eastland Sept. 21, 2006, pet. denied) (mem. op.) ("The failure to exhaust the requisite administrative remedies prior to filing suit results in a lack of subject matter jurisdiction in the trial court.").

Since then, Appellant has achieved the age of majority and filed suit on his own behalf. However, the facts that informed our prior decision have not changed. According to the deposition of Midland ISD school attorney Ellen House, nothing has transpired on Appellant's grievance since this court's decision in 2006. Appellant has made no attempt to exhaust administrative remedies by following Midland ISD's grievance procedure. Appellant did not allege in his pleadings that he had exhausted, or even attempted to gain access to, administrative remedies prior to filing his suit for damages. Appellant presented no additional facts that were not before our court in the previous case. In Silva's motion to dismiss, Silva alleged that Appellant failed to comply with the third level of the grievance procedure established by the Midland ISD and that the time for compliance with the third level of the grievance procedure had long since elapsed. In his brief supporting his motion to dismiss, Silva asserted the defensive doctrines of collateral estoppel and res judicata.

The trial court found that its decision was controlled by our 2006 decision under the doctrines of res judicata and collateral estoppel and dismissed Appellant's case for want of subject-matter jurisdiction. On appeal, Appellant challenges the dismissal in a single issue.

*Standard of Review*

A motion to dismiss based on a lack of subject-matter jurisdiction is the functional equivalent to a plea to the jurisdiction challenging the trial court's authority to determine the subject matter of a cause of action. *Lacy v. Bassett*, 132 S.W.3d 119, 122 (Tex. App.—Houston

2

[14th Dist.] 2004, no pet.) (citing *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000)). Whether a court has subject-matter jurisdiction is a question of law subject to de novo review. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002); *Tex. A & M Univ., Corpus Christi v. Vanzante*, 159 S.W.3d 791, 794 (Tex. App.—Corpus Christi 2005, no pet.).

A party seeking to invoke the doctrine of collateral estoppel must establish (1) that the facts sought to be litigated in the second action were fully and fairly litigated in the prior action, (2) that those facts were essential to the judgment in the first action, and (3) that the parties were cast as adversaries in the first action. *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex. 1984).

The issue of subject-matter jurisdiction was fully litigated in the first case. The fact that the litigant had not exhausted administrative remedies before bringing suit was essential to our finding a want of jurisdiction in the first action. That fact remains unchanged. The only factual difference between the first action and this action is that Appellant is the petitioner, instead of his mother. However, Teresa Venegas originally brought suit as next friend of Appellant. When a suit is instituted by a next friend on behalf of a minor, the minor is the real party in interest. *Safeway Stores, Inc. of Tex. v. Rutherford*, 111 S.W.2d 688 (Tex. 1938). We find that the issue of subject-matter jurisdiction is barred by collateral estoppel from being relitigated. Even if collateral estoppel did not apply, we would find that there is a lack of subject-matter jurisdiction because Appellant has failed to exhaust the available administrative remedies prior to bringing suit. *See Venegas*, 2006 WL 2692877, at *2.

Consequently, we hold that dismissal was appropriate in this case. Appellant's issue is overruled.

The judgment of the trial court is affirmed.

PER CURIAM

July 12, 2012

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

3