**BOHLS v. BOHLS.**

No. 9510.

Court of Civil Appeals of Texas. Austin.

June 27, 1945.

Rehearing Denied July 11, 1945.

1004

W. K. McClain, of Georgetown, for appellant.

W. C. Wofford, of Taylor, for appellee.

BLAIR, Justice.

This litigation involves the custody and support of Jaylaine Bohls, a girl about seven years of age. It arose as follows:

After filing suit therefor in April 1944, appellee, Erna Bohls, was on November 14, 1944, given a decree of divorce from appellant, Adolph J. Bohls, and was awarded the custody of their child, Jaylaine Bohls, a girl then about five years of age, subject to the right of the father to have the child part of each year. The question of the custody of the child arose immediately after the divorce proceeding was filed, when the parties appeared in open court and agreed that pending the hearing the custody of the child would be with appellee, subject to the right of appellant, the father, to have her during the month of November 1944, and thereafter each year from February 15th to April 15th, and from July 1st to August 15th. The father was to have the child two afternoons each week during the time she was with the mother, and the mother was given a like privilege during the time the child was with the father. This arrangement was to be entered as the judgment of the court if the divorce was later granted, which was done. In September 1944 the mother placed the child in school, and at the time the divorce was granted the parents had been and were carrying out the custody arrangement, and

thereafter carried out the decree so awarding the custody of the child. On February 5, 1945, appellee filed in the divorce proceeding a motion to reopen the matter to the extent of requiring the appellant to contribute a reasonable sum toward the support of the child during the time it was with appellee, the mother, no arrangement or provision having been theretofore made concerning the support of the child. On the same day in the same court appellee filed a separate proceeding, seeking a change or modification of the custody arrangement or decree, alleging facts setting up conditions detrimental to the physical and mental welfare of the child resulting from the carrying out of the custody decree awarding the child part time to each of the parents. By agreement the court heard the two proceedings or causes together, in effect consolidating them; and on March 6, 1945, the court modified or changed its former custody decree by award the child to the mother each year for the months of April, May, August, September, October, November, December, January, February and March, and to the father for the months of June and July each year. The father was to have the child from Friday afternoon at 4 o'clock to Saturday at 7 o'clock p. m. during the time it was with the mother, with similar arrangement for the mother during the time the child was with the father, each parent being required to return the child to the other at the end of each custody or visitation period. The court further ordered or decreed that appellant should contribute $25 monthly to the support of the child during the time she was with appellee, the mother,—a total sum of $250 per year.

From the foregoing judgments or decrees appellant appealed in each case, but upon his motion the two causes have been consolidated, and the parties have briefed them as one case.

By five points appellant contends in substance and effect that the court erred in so changing the custody of the child, because the evidence did not show any changed conditions affecting the custody authorizing the decree or order.

In the custody proceeding the judgment recites the provisions of the former decree awarding the custody of the child, and further recites that: "And it appearing to the court from the evidence introduced in this cause that since the entry of the original judgment awarding the custody of said

minor child, Jaylaine Bohls, that a change of condition has come about in that the constant changing back and forth of the custody of said minor child between petitioner and respondent has caused said minor child to become extremely nervous and has interfered in a material way with the proper advancement of said minor child in school and that the constant changing of the custody of said child has proven detrimental to her health and physical welfare and that it would be to the best interest of said minor child that the time which said child is to spend with her parents should be changed."

The evidence sufficiently supports the foregoing findings and conclusions of the trial court. It will be stated in substance here. The custody agreement and decree had been in effect about one year at the time of the hearing here involved. The mother testified in substance that the frequent and constant changing of the custody of the child back and forth between the parents caused a noticeable nervousness, affecting the child both mentally in its school work and physically as regards eating and sleeping, which lasted two or three weeks after each change; that it greatly upset the child at the time she was to leave one parent to go to the other. There was evidence that the father sometimes exercised his right to have the child two afternoons each week by going to the school and taking her during the school work, which interfered with her school work; and on some of these occasions the father did not let appellee or those in charge of the child know about his taking the child, thus causing uneasiness and disturbance about the child's whereabouts. Appellee was a trained nurse, engaged from three to seven nights weekly in her profession, and away from home. A niece lived with her and went to school and had charge of the child when the mother was away. She testified that when the child returned from a stay with the father there was a decided change in the child, evidenced by extreme nervousness, and that she had difficulty in getting the child to eat its food. A trained nurse testified that the frequent and constant changing of the home environments, foods, sleeping quarters, etc., had a tendency to upset and make young children nervous and interfered with their training. Another trained nurse, who lived with appellee, testified to the nervous condition of the child after returning from her stay with the father, which could have been brought about by being constantly changed back and forth between the parents.

Under the foregoing facts the court was authorized to find and conclude that the carrying out of the former decree awarding the custody of the child part time to each parent had brought about conditions which detrimentally affected the health, education and welfare of the child. Art. 4639a, Vernon's Ann.Civ.St., gives the court granting a divorce decree continuing authority relating to the support and custody of the child or children of the marriage until such child or children reach the age of sixteen years. The authorities uniformly hold that the welfare of the child is of paramount consideration in such cases, and that the trial judge is given a broad discretion in such matters, and that in a proceeding to change a child's custody from that fixed in the divorce judgment, the district judge's findings and decisions altering, changing, or modifying the original award of the custody cannot be interfered with by the appellate court, where supported by substantial evidence. Lakey y. McCarroll, 134 Tex. 191, 134 S.W.2d 1016; Custer v. McGough, Tex.Civ.App., 184 S.W.2d 668; Ex parte Roberts, 139 Tex. 644, 165 S.W.2d 83; McCarroll v. Lakey, Tex.Civ.App., 157 S.W.2d 963; Wrather v. Wrather, Tex.Civ.App. 154 S. W.2d 955; Youngblood v. Youngblood, Tex.Civ.App., 163 S.W.2d 731; Jennings v. Berry, Tex.Civ.App., 153 S.W.2d 725; Kelly v. Page, Tex.Civ.App., 186 S.W.2d 735; Scott v. Fort Worth Nat. Bank, Tex. Civ.App., 170 S.W.2d 576.

By points 6 and 7 appellant contends that the court erred in admitting testimony of a changed condition occurring prior to date of the divorce decree on November 14, 1944. The contention is not tenable. The question of the custody of the child was taken up immediately after the suit was filed for the divorce by a hearing and an agreement in open court, which was approved by the court. This agreement as to custody was to be entered as the final judgment of the court if the divorce were granted. At the time of the agreement the child was not in school, but was placed in school about two months prior to the date of the divorce decree. At the time of the hearing the child had been in school several months after the date of the divorce and custody decree, and there was sufficient

evidence of the deleterious effect of the frequent transfer of the child back and forth between the parents occurring after the decree to warrant the court in altering or modifying the former custody decree in the interest of the welfare of the child. The specific evidence complained of relating to changed conditions occurring before the divorce and custody decree is not pointed out. Therefore no error requiring a reversal of the case is shown.

██ By points 8 and 9 appellant contends that the judgment requiring appellant to contribute $25 each month toward the support of the child during the ten months she is in the custody of the mother is not supported by sufficient evidence, or is unreasonable. He offered some proof as to his income as compared to appellee's income of $7.50 per day when employed as a nurse. The evidence showed that he owned a residence in Taylor, which he rented for $48 per month. He lives with his mother in a large house, in which he owns a child's part, or a 1/6th interest. He also owned the same interest in certain business rental property in Taylor, and in a farm near Taylor, all of which was revenue bearing property. He operated or cultivated the farm, one-half of which belonged to his brother. By cross-action in the child custody proceeding he sought the custody of the child, alleging that he was fully able to support and educate her.

The judgment of the trial court will be affirmed in all things.

Affirmed.