**EVANS v. HUNT et al.**

No. 6215.

Court of Civil Appeals of Texas. Texarkana.

May 16, 1946.

Rehearing Denied May 30, 1946.

**HARVEY, Justice.**

On August 28, 1945, Betty Evans was awarded a divorce from her husband, James Evans, by the district court of Cherokee County, Texas, on the ground of cruel treatment. Custody of their four-year-old child by agreement of the parties was given to the parents in equal periods of time, alternating from month to month. About two weeks later Betty Evans married Carl Hunt, and on October 25, 1945, she filed suit to have the previous custody order modified, alleging changed conditions which were asserted to be of such a nature as to render a modification of the order advisable. A hearing was had upon such petition for change of custody, and the former order modified. Betty Evans Hunt and her husband, Carl Hunt, being given the full custody of the child with the provision that the father should have custody of it for one month in the summer and during the Thanksgiving holidays each year. Permission was given, also, for the mother to carry the child with her to Colorado where she and her husband planned to make their home. James Evans excepted to the ruling of the court in changing the first order and giving full custody of the child to its mother, excepting the month in the summer time, with permission for her to remove it from the State of Texas, and duly perfected this appeal.

Appellant predicates his appeal upon the points that the trial court erred in refusing to annul the marriage of Betty Evans and Carl Hunt, by reason of the provisions of Article 4640, R.C.S. of Texas, which prohibits parties to a suit in which a divorce is granted upon the ground of cruel treatment from remarrying within twelve months after the decree is granted, except each other; that the only changed condition that had developed since the divorce decree is the remarriage of Betty Evans, and that since she violated the terms of Article 4640 in bringing about such changed condition she should not be permitted to take advantage of her own act in disregarding such statute; that at the time the divorce decree was entered the parties agreed upon a disposition of the child custody issue and the trial court abused its dis-

Lewis & Chandler, of Jacksonville, for appellant.

Guinn & Guinn, of Rusk, for appellees.

cretion in changing its judgment in regard thereto without sufficient facts showing a change in conditions of such nature as to justify his action.

■ A marriage consummated in violation of Article 4640, prohibiting parties who are granted a divorce upon the ground of cruel treatment from remarrying within one year from the date of the decree, except each other, is not void, but merely voidable. Ex parte Castro, 115 Tex. 77, 273 S.W. 795. In addition, in our opinion, neither party to the divorce proceeding has such a justiciable interest in the remarriage of the other party as would enable him to maintain a suit to annul the remarriage. Such a cause of action would be personal to them, and if sui juris, maintainable only by one or the other of them.

■ However, the primary point involved herein is the question whether the trial court was justified under the facts developed upon the hearing in changing the order relating to the custody of the child. It needs hardly necessary to be stated that the trial judge is not bound by an agreement between the parties to a divorce action in regard to a division of custody of minor children. The matter of vital concern to the court is the welfare and interest of the child or children. In this case, the trial judge recognized and assumed his heavy and grave responsibility, and determined it in such manner as appeared to him to be for the ultimate and best interest of the young child concerned. In his findings of fact he sets out that the previous arrangement provided in his order for a divided custody of the child whereby each parent should have custody for six months in the year, alternating month by month, had not worked out for the best interests of the child, but in reality was wholly unsatisfactory and extremely bad on the physical and mental condition of the child; that when the child was returned to its mother after having been in the custody of its father, he was fretful, disobedient, nervous, and upset to the extent that he was nauseated for many hours; that after being with its mother a short time the child became calm and obedient. The court further found that the child was greatly benefitted by being in the exclusive custody of its mother, due to changed circumstances; that the mother was able to devote all of her time and attention in caring for her home and child; that she has a good home in prospect; that the mother is of fine moral character and good judgment; that the arrangement provided for in changing custody of the child each month was impairing its health. A number of other fact findings are filed by the court, among them one to the effect that the step-father of the child, Carl Hunt, possesses an excellent reputation. These findings have support in the evidence and it is not our province to disturb them. Cases of this nature are productive of sorrow and heartaches of a grievous sort. One naturally sympathizes with a parent who is shorn of the priceless privilege of association with his offspring and who, in the nature of things, cannot share in the highest degree in the joys of contributing to its happiness and proper development to the end that the child will attain the greatest realization of usefulness for itself and society. Still, a decision in cases of the kind before us must be made by the judge who hears the evidence pertaining to facts that might indicate what should be done for the welfare of the child itself, and motives of the very highest and finest are attributable to any one who, unfortunately, is called upon to face such a grave responsibility. The parties to this suit being of that type indicated by the evidence, it is to be hoped that the court's order, permitting the child to be removed from the state, as the court had authority to do, with the right reserved to the father for the return of the child each year for visitation, at the joint expense of both parents, will result in the good desired, and that it will be observed to the letter.

The trial court not having abused its discretion in modifying and changing the order with respect to the custody of the child entered at the time of the divorce decree, the judgment is affirmed.