## COX v. UEBLACKER.
### No. 13703.

Court of Civil Appeals of Texas. Dallas.
May 31, 1946.

Rehearing Denied Sept. 30, 1946.

White & Yarborough, of Dallas, for appellant.

E. J. Elam and A. H. Gist, both of Dallas, for appellee.

LOONEY, Justice.

This is a child custody case. Edith Ueblacker and J. T. Cox, formerly husband and wife, were divorced on January 28, 1942, by the 101st District Court of Dallas County; Cause No. 61,884-E on the docket of that court. In said proceedings the custody and care of the two little daughters of the parties, Eva approximately three years of age and Sharon approximately one year old at the time, were awarded to J. T. Cox, the father, and since he has had their care and custody. Since the divorce, each of the parties has married,—Eva to J. F. Ueblacker on July 29, 1943, and Mr. Cox remarried in March 1945.

Edith, joined by her present husband, filed this proceeding against Mr. Cox, seeking to have the care and custody of the children, as awarded in the divorce suit, changed and awarded to herself. As grounds for the action she alleged that the conditions existing at time of the divorce had materially changed, and, further, that Cox was not a suitable person to have the care, custody and rearing of the little girls. The defendant answered at length, joined issue, specifically denied that conditions had materially changed since the divorce action and alleged further that the plaintiff was wholly unsuited to the task of caring for and rearing the little girls.

At the trial of the case plaintiff testified that when she and Cox were divorced there was no controversy in regard to the custody of the children; that she readily agreed they might remain with their father for the reason that at the time plaintiff was in ill health, financially unable to support and properly care for the children and, further, it was agreed that her mother, Mrs. Covington, would remain in the home of the defendant and personally care for the children. The evidence shows that Mrs. Covington did remain in defendant's home and personally looked after the children for over three years, and did not leave until after the defendant married—shortly be-

fore the institution of the present proceedings.

The parties and their witnesses testified in person, were questioned at great length, the testimony was sharply conflicting and, as usual in such cases, there was crimination and recrimination, and attempts to smear; but, after hearing the testimony and observing the demeanor of witnesses, the trial court, as was his province, resolved all conflicts in favor of plaintiff; hence changed custody of the children and awarded same to their mother. We do not think it would serve any useful purpose to lengthen the opinion by reproducing the testimony, but, in lieu, set out the trial court's findings and conclusions as follows: "Findings of Fact. I find as a fact that conditions have changed since the rendition of the original judgment on the 28th day of January, 1942, said original judgment being in Cause No. 61884-E, Edith Cox vs J. T. Cox, in the 101st District Court, Dallas County, Texas. I find that at this time it is to best interest of the children, Eva and Sharon Cox, girls of the ages of 6 and 4, that they be placed in the custody of their mother, Edith Ueblacker. I find that Edith Ueblacker is the natural mother of said children and is a proper person at this time to have the control and custody of the two minor children. Conclusions of Law. I conclude, as a matter of law, that the care, custody and control of the two children, Eva and Sharon Cox, should, by the final judgment in this case, be placed with their natural mother, Edith Ueblacker."

This being a proceeding authorized by Art. 4639a Vernon's, to change the custody of children from that fixed in the divorce decree, the judge's findings and decision changing the original award of custody, supported by evidence as in the instant case, should not be interfered with by an appellate court. Bohls v. Bohls, Tex.Civ. App., 188 S.W.2d 1003, 1005; Lacy v. Hitzeman, Tex.Civ.App., 190 S.W.2d 764, 768. We concur fully in the findings and decision of the trial court; therefore affirm the judgment with the suggestion stated below.

The writer is of opinion that the matter mentioned below should have been in the form of an order modifying the judgment of the trial court, but the majority, although assenting to the reasons stated, are of opinion that what we say in regard to the matter should be as a suggestion addressed to the sound discretion of the trial judge. The matter is this: The record discloses that the only right accorded Mr. Cox to be with his children is the privilege of seeing them at reasonable and suitable times, which simply means that he has the privilege of visiting them in their new home, where he may or may not be a welcome guest. Mr. Cox has had these children with him in his home since their births, and exclusively since he and their mother were divorced in January 1942. We must assume that he loves them and that they are attached to him, and, in our opinion, there should be a better reason for wholly banishing the children from the home of their father than that reflected by the record. We do not think it is for their best interest that they be excluded from the home and family of their father, or so circumstanced as to forget or cease to love him, or he them. In addition to the right of visitation accorded in the judgment of the court below, we think Mr. Cox should be accorded the privilege of having the children with him and his family in their home at stated periods to be named by the judge of the court below, which will doubtless be during the summer months when the children are not in school, unless forbidden by some unanticipated or providential hindrance.

It is unfortunate, we think, that the parents of these children could not have lived together and cooperated in their rearing, but fate seems to have decreed otherwise, and the problem of selecting a proper custody for these children devolves upon the court. The parents should understand that in all the orders made and orders that may in the future be made, the best interest of these children has been and will continue to be paramount and controlling, hence the parents should gracefully accept these decrees and orders and, forgetting the ill feelings and bickerings of the past, co-operate

with the court and each other to the end that these girls may not be alienated from either parent; that they may be educated and developed into splendid women, and, in the fullness of time, loyal wives and devoted Christian mothers.

For the reasons stated, the judgment of the court below is affirmed.