SON et al. v. McCONNELL.

No. 4698.

Court of Civil Appeals of Texas. El Paso.

Jan. 11, 1950.

Rehearing Denied Feb. 1, 1950.

Treadaway & Bowen, Lubbock, for appellants.

Lawrence L. Barber, Seagraves, for appellee.

McGILL, Justice.

This is an appeal from a judgment of the District Court of Gaines County, 106th Judicial District. This is a child custody case.

Appellee, T. J. McConnell, and appellant Natalie Ruth Son, were formerly husband and wife. The child whose custody is involved is Jana Jolene McConnell, a daughter of that union, who at the time of the trial was about 3½ years of age. On October 7, 1947, appellee obtained a decree of divorce from appellant, then Natalie Ruth McConnell. The decree provided:

"It is therefore Ordered, Adjudged and Decreed by the Court that the care, custody, and control of said minor child, Jana Jolene McConnell, be granted to Defendant, Natalie Ruth McConnell, for nine months out of each year, or during the school months, and to the Plaintiff, T. J. McConnell, for three months out of each year, or during the summer months, reserving the right of visitation by either party at any reasonable time.

"It further appearing to the Court, after investigation of the financial circumstances of the Plaintiff, that the Plaintiff is well able to contribute to the support of said minor child, Jana Jolene McConnell, the sum of Forty.($40.00) Dollars per month, while said child is in the custody of the Defendant.

"It is therefore Ordered, Adjudged and Decreed by the Court that the said T. J. McConnell, Plaintiff, shall pay to the Defendant herein the sum of Forty ($40.00) Dollars per month for the support of said minor child, Jana Jolene McConnell, while said child is in the custody of the Defendant herein, Natalie Ruth McConnell."

Both parties have remarried since the divorce was granted, appellant in May, 1948 and appellee on August 20, 1948. The present suit was filed by appellant Natalie Ruth Son, joined by her husband, Dean Son, on May 30, 1949. Appellant Natalie Ruth Son sought to recover the exclusive care, custody and control of the minor. Appellants alleged material change in the conditions and status of both parties since the decree of October 7, 1947, and that the best interest of the child required that her exclusive custody be awarded to her mother. Among the allegations showing changed conditions were the following:

"That pursuant to the decree entered by this court in cause No. 1823, plaintiff Natalie Ruth Son has exercised care, custody and control over Jana Jolene McConnell during the time specified by the decree and also during part of June and all of July and August, 1948; that in June 1948, Jana Jolene McConnell was in the custody of the defendant T. J. McConnell for about ten (10) days. Defendant then

returned Jana Jolene McConnell to plaintiffs, indicating to them at that time that he could not properly take care of Jana Jolene McConnell," and

"(c) That defendant T. J. McConnell, at the time the decree was entered in cause No. 1823 had a home with his Mother, Mrs. T. T. McConnell, in which he could care for his daughter, Jana Jolene McConnell, but that since the divorce decree Mrs. T. T. McConnell has died."

"(f) That defendant T. J. McConnell, although earning in excess of Three Hundred ($300.00) Dollars per month, has from time to time been delinquent in the making of his payments of Forty ($40.00) Dollars per month for the support of his child Jana Jolene McConnell, and has been at various times since the divorce decree was entered, as much as three months behind on such payments."

At the request of appellants the court filed elaborate findings of fact and conclusions of law, and additional findings and conclusions.

■■■■ Appellants' first point is that the court erred in concluding as a matter of law that there had not been sufficient changed conditions to require a change of custody of the child, and in finding that the welfare and best interest of the child did not require a change of custody. This conclusion is: "The burden being upon Mr. and Mrs. Son to show the conditions and circumstances have so changed since the divorce decree and the awarding of the custody of the child that the best interest of the child requires a change of the custody in their favor, and not having so shown and there not having veen sufficient changed conditions to justify a change in the custody, the application should be denied, the welfare and best interest of the child not requiring it."

The question is not merely whether there has been a change of conditions in the status of the parties, but whether such change requires that there be a change of custody in the best interest and welfare of the child. In the determination of this question the trial court is vested with a sound discretion and his judgment will not be disturbed on appeal unless an abuse thereof appears from the great preponderance of the evidence. Penn v. Abell, Tex. Civ.App., 173 S.W.2d 483, loc. cit. 487(2) and authorities there cited.

Even though a divided custody may be unwise, for all reasons stated in Martin v. Martin, Tex.Civ.App., 132 S.W.2d 426, loc. cit. 428(4) such considerations do not warrant our holding that the trial court abused his discretion in refusing to disturb such divided custody, provided by the decree of October 7, 1947. Divided custody has been sanctioned by the courts of this State where both parents are suitable persons to have custody of their child, as the court found in this case. Hamer v. Hamer, Tex.Civ.App., 184 S.W.2d 492, loc. cit. 495(2) and authorities there cited.

■■■ By appropriate points appellants complain of the court's making certain findings of fact on which he based his judgment, because there is no evidence to sustain such findings. The findings complained of are in substance:

"(3) During the summer of 1948 T. J. McConnell kept the child only five days, in June. At that time he did not have any place to keep the child or anyone to care for her, for while his mother was still living, she was seriously ill and wholly unable to assist him in caring for and administering unto the child."

"(8) T. J. McConnell, because of his marriage to a young woman who loves his child, and who is capable of and willing to properly care for his child, is better situated to care for the child than he was in the summer of 1948, during the serious illness of his mother." and additional finding (5):

"From October, 1947, until July, 1949, T. J. McConnell was employed, earning $90.00 per week and part of the time as much as $96.00 per week, and being unemployed during said period for only approximately one month. The first payment of $40.00 which he failed to make was for April, 1948, the month prior to the marriage of Natalie to Dean Son. Mrs. Son informed T. J. McConnell that the money was needed for the support of the

child. That was during the time that T. J. McConnell's mother was ill." and additional conclusion of law No. 1:

"While the marriage of plaintiff, Natalie Ruth Son, to Dean Son is in truth a material charge in the marital conditions of plaintiff, Natalie Ruth Son affecting her ability to properly care for her child, Jana Jolene McConnell, the same, when considered in connection with the fact that T. J. McConnell no longer has a seriously ill mother and has likewise married and has married a person who loves the child and is capable of and willing to, care for the child, and when considered in connection with the further fact that, while not wealthy, T. J. McConnell has a good paying position, does not, as a matter of law, show such change of conditions as to require a change of custody and does not show, as a matter of law, that the welfare and best interest of the child requires such change in custody."

Appellee has not pointed out any evidence which supports these findings insofar as they relate to the serious illness of appellee's mother. We have read and reread the entire Statement of Facts. The only testimony which has any bearing on these findings and the only reference to appellee's mother which we find is the following, taken from appellee's testimony on cross examination:

"Q. T. J., on what date were you married to the present Mrs. McConnell? A. August 20, 1948.

"Q. That was the latter part of last summer, is that right? A. Yes, sir.

"Q. Did you at that time, or before your marriage to the present Mrs. McConnell, did you have a place to keep the child at that time? A. No, I sure didn't.

"Q. At the time the divorce was granted did you feel at that time that you had a place to keep the child? A. No, sir.

"Q. You didn't; wasn't your mother alive at that time? A. Yes, sir, but she was very ill."

Other than this testimony we find no evidence showing or tending to show whether appellee's mother was ill at the times reflected by the above findings or whether she is still living or not. Of course the court could properly consider the above allegation (c) of plaintiff's petition in arriving at his additional conclusion of law No. 1 to effect that T. J. McConnell no longer had a seriously ill mother. However, we think the court was not justified in inferring as a fact from appellee's testimony above quoted and the above allegation of plaintiff's petition that appellee's mother was seriously ill in April of 1948 when he failed to make the forty dollar monthly payment, or in June of 1948, when he kept the child only five days. In the absence of any other findings in view of Rule 299, Texas R.C.P. it might be urged with much force that the judgment is based on such unwarranted findings and is therefore erroneous because the court necessarily considered such findings as somewhat mitigating or explaining appellee's conduct in arriving at his ultimate conclusion that a change of custody was not warranted by such conduct. But in additional finding of fact No. 2 the following appears:

"At the end of that time he carried the child to her grandmother, Mrs. Hale, who is the mother of Mrs. Son. He did this upon the suggestion of Mrs. Son. Whether he then gave any reason to Mrs. Son or to Mrs. Hale or any other person for not longer keeping the child is not shown by the evidence, and no finding is made thereon." and also in additional finding of fact No. 5:

"No evidence was offered in the trial as to why payments were not made when due, and no finding can be made thereon."

These specific findings to effect that there is no evidence of the reason why appellee returned the child or failed to make the $40.00 payments when due negative any inference that the court regarded his findings as to Mrs. T. T. McConnell's illness at these times as having any bearing on the conduct of appellee T. J. McConnell in returning the child and failing to make the $40.00 monthly payments when due.

We may therefore disregard such findings as merely evidentiary and immaterial.

It follows that in our opinion there is no reversible error and the trial court's judgment is accordingly in all respects affirmed.