## SCHMITZ v. ANDREWS et al.
### No. 4772.

Court of Civil Appeals of Texas. El Paso.
Nov. 22, 1950.

Edwards, Belk & Hunter, El Paso, for appellant.

Fryer & Milstead, El Paso, for appellees.

SUTTON, Justice.

This is an appeal from an order and judgment of the 34th District Court of El Paso County.

The proceeding was brought by the Appellee, Mary Elizabeth Andrews, joined pro forma by her husband, against the appellant, to modify a divorce decree of a District Court of the State of Kansas insofar as the custody of three minor children born to appellant and appellee, Mary Elizabeth Andrews, is concerned. The judgment of the trial court granted the relief sought from which this appeal is prosecuted.

The divorce decree in Kansas was entered on the 6th day of June 1947, and became final six months thereafter. On the same date and apparently just prior to the entry of the decree the husband and wife entered into a separation agreement with respect to their property and the custody of their children. It was agreed the husband and plaintiff in the suit should have the care, custody and control of the children subject to visitation by the mother at all reasonable times wherever the children might be. The agreement was approved by the court in the judgment entered and directed filed in the cause. The judgment in accordance with the agreement awarded the care, custody and control of the children to the father subject to visitation at all reasonable times wherever the children might be. The judgment, nor the agreement, did not prescribe the conditions under which the visitations might be had.

On the same day the divorce was granted, as was contemplated by the parties, the father left with the children for El Paso, Texas, where he expected to make his home. From El Paso he subsequently moved to Tornillo, a small town in El Paso

County, where he resided at the time of the trial. The divorced mother married her present husband, Andrews, the early part of October 1947, and moved immediately to El Paso, Texas.

Mrs. Andrews in her application for a change in the divorce decree and in her testimony complains she had difficulty in effecting visits with her children and that her visits were unsatisfactory to herself and to her children and detrimental to the best interests of the children, because on each visit she was compelled to visit with the children either in the presence of the father, or the father's aunt, who lives with him and the children and assists him in the care of the children. She says the father and aunt on the occasions of the visits merely sit in silence through them. The aunt testified Mrs. Andrews on one occasion ignored her altogether and took no note of her presence in the home; didn't speak to her or otherwise recognize her, and that since such time she has just permitted their relationship to remain that way.

The trial court found the mother of the children is a fit and proper person for their partial custody; that she and her husband have a proper and suitable home, environment and surroundings in which to have the children; that their presence with the mother will not jeopardize nor be deleterious to the welfare, morals and education of the children but on the contrary will be to their best interest. The court further found there had been a material change in conditions since the Kansas decree in that the mother had no home at the time of the decree but has established a home in El Paso, as above indicated; that to visit the children the mother has to travel a distance of 38 miles from El Paso to Tornillo and back; that the visits are made under strained conditions not conducive to the moral outlook of the children, under the conditions noted above; that the mother has not been permitted to make gifts to the children nor to make normal and natural visits with them. The husband admitted he had returned articles of clothing and apparel because he did not want to put the mother in position to make the claim he was not providing for them, whereas he was in fact supplying all their needs.

In accordance with the findings of the court a decree was entered wherein the custody of the children was reaffirmed in the father with the provision the mother shall have the temporary custody from 2 o'clock P.M. on Saturday until 5 o'clock P.M. Sunday the first and third weekends every month, conditioned the mother shall go for and return the children. The decree further provides that neither party shall remove the children from the jurisdiction of the court without the order of the court.

■ The Appellant has eight points of error but we think it will not be necessary to notice each separately. The first complaint is the court erred in refusing the offer of testimony that William Andrews was the paramour of Mrs. Andrews prior to the divorce of the Schmitzs, which gave rise to the divorce. Objection was sustained and the offer rejected. This offer was made while Mrs. Andrews was on cross-examination by Appellant. The offer was renewed while Mr. Schmitz was testifying. Exception was reserved on the first offer but not on the last. There is no bill of exceptions, nor does the record otherwise show what the evidence would have been. In that situation the claimed error can not be reviewed.

3 T.J. 470 and the authorities there cited.

■ The second complaint is the court erred in failing to find Appellant's sixth requested finding of fact that the children in the home of Mary Elizabeth Andrews will be in contact with and under the supervision of William E. Andrews. Of course, it is perfectly obvious the children will in the home of the Andrews be in contact with William E. Andrews, but there is nothing in the record to the effect they will be under his supervision, nor if they were it would be material to the determination of the issue here presented.

■ The third, fourth and fifth points are the court erred in not finding, as requested, that the children were well cared for by the father; that he is a fit and proper person for their custody and care,.

and that his home is proper and adequate for their care. The judgment of the trial court awarded the care, custody and control to the Appellant in confirmation of the Kansas judgment. This award is necessarily an adjudication of the affirmative of those facts and aside from that those questions were not presented in either pleading or proof for determination and are wholly immaterial.

▉ The other points complain of the finding of the court there had been a material change in conditions since the entry of the Kansas judgment; that the award of the temporary custody would not jeopardize or be deleterious to the welfare of the children, and that there was error in the conclusion there was a sufficient change of conditions to warrant a modification of the Kansas decree. The complaint is based upon the proposition there is no evidence of such a change. Technically the point may be well taken. As we understand and construe the pleadings of the Appellees and the judgment of the court the purpose of the proceeding was not to change the custody but merely to define and fix the terms of visitation provided in general terms in the Kansas decree. Such is conceded to be the purpose and effect of the proceeding and of the judgment by the Appellees in their brief wherein it is said the relief sought is a definite visiting right and that what she sought and obtained is nothing more than what she had been granted in general terms. If the judgment effected a real change in custody, or a divided custody we might be constrained to take a different view of the matter. It is the view of many courts, and a view being adopted more and more all the time, that except in rare cases a divided custody is not to the best interest of minors for many obvious reasons. The writer at least concurs in such view.

It was agreed in this case the mother should have the right of visitation and under the finding of the trial court, supported by the record, some provision had to be made for a satisfactory visit or visits denied altogether. The determination is not foreclosed permanently, and if any injurious results come from the arrangement made by the court it is thought they will easily manifest themselves and a proper court having jurisdiction can rectify the situation and no doubt without hesitation will do so. To protect and give effect to a natural right and at the same time provide for the best interests of minors of tender years is one of the most difficult duties of a court. The situations nearly always involve bitterness not found elsewhere. One of our most distinguished judges, respected and revered for his good judgment and utter fairness, was among the first to recognize and declare that the custody of a child of tender years should not be parceled out, but recognized the right of either parent to visit their children, except in extreme cases of unfitness, and provided for visitations more frequently than provided in the instant case. Liddell v. Liddell, Tex.Civ. App., 29 S.W.2d 868, loc. cit. 871 (6–7). The provisions made for the protection of the best interests of young children by trial courts rests largely in the sound discretion of such courts and their action will not be disturbed unless there appears clearly an abuse of such discretion. Such is not the case here. Our conclusion is there is no error shown and the judgment of the trial court will be affirmed.

McGILL, J., not participating.