**OGDEN et al. v. LE SUEUR.**

No. 9949.

Court of Civil Appeals of Texas. Austin.

Feb. 14, 1951.

Rehearing Denied March 7, 1951.

Clyde Vinson, of San Angelo, for appellants.

Keyes & Stokes, by Aubrey D. Stokes, and Neill & Lewis, all of San Angelo, for appellee.

ARCHER, Chief Justice.

This is a child custody case. The parents were divorced in January 1948. The father first gave the custody of the child to its mother, who in 1949 returned the child to his father and Mrs. Bonnie Le-Sueur, the father's second wife, because the child's mother was unable to care for him. On May 12, 1950, the custody of the child was divided in a habeas corpus proceeding in the Superior Court of Clark County, Georgia, the father was to have the child for the first six months of each year and the mother the second six months. The mother, as plaintiff in the 51st District Court of Tom Green County, Texas, sued for full custody of the child. The father, as defendant, answered and filed his cross-action for full custody of the child. The court, on September 30, 1950, the date of the hearing, awarded full custody to the father.

The appellants assign as error six points, to the effect that there was no sufficient pleading or evidence to sustain the judgment of the trial court, and that the evidence fails to support the implied finding of the court that the best interest of the child would be subserved by awarding the full time custody to the father, and that such action was arbitrary; that the judgment of the Superior Court of Clark County, Georgia, in its award of the child, was res adjudicata; that the judgment is counter to the well established rule that the welfare of a child of tender age is best subserved by an award to the mother, and that the best interest of the child required that full custody thereof be awarded to the mother.

All points were briefed and discussed together by appellants, but separately by appellee, and we shall try to determine the questions as one issue made up of all assignments.

This case was tried before the court without a jury and no findings of fact requested or made.

Mrs. Marie Ogden, joined by her husband, instituted a suit in the Juvenile Court of Tom Green County, Texas, for full custody of the child, Paul David LeSueur, about three years old; the defend-

ant, appellee herein, answered with cross-action for full time custody.

The prime question to be determined by the trial court in a child custody proceeding is what is the best interest of the child.

The appellant Mrs. Marie Ogden, then Marie L. Astridge, and appellee, Nelson LeSueur, were married in England in 1945; the child was born October 26, 1947, in Philadelphia, Pennsylvania, where the mother had gone after separating from her husband. In January 1948 Nelson LeSueur obtained a divorce from Marie A. LeSueur. No disposition was made of the custody of the child.

Sometime subsequent to the divorce proceedings in which Nelson LeSueur obtained a divorce, the care, possession and custody of the child was given to its mother by the father by agreement in writing. The agreement provided that the mother would support the child, that it might be adopted by any person suitable to the mother, and that the surrender of the child was complete and permanent, etc.

In the summer of 1949 the mother took the child to the father and left him. In September 1949 Mrs. LeSueur married W. R. Ogden. In March 1950 Mrs. Ogden went to Athens, Georgia to get the child, but was prevented by Mr. LeSueur. In May 1950 Mrs. Ogden went to Athens and took the child and started to leave; the father notified the police and she was arrested and remained in custody until the following day. A hearing was had in the Superior Court and an order was entered dividing the custody, and awarded the child to its mother for the six months following May 1950, and to the father for six months following January 5, 1951.

The institution of the present suit by appellant was for full custody of the child, and the appellee sought full custody.

The trial was to the court, without a jury, and a number of witnesses testified as well as the parties in the case.

The testimony of the witnesses for the appellant was that they had known Mrs. Ogden for four or five months; that they had visited in her home and observed her treatment of the child; that the mother took good care of it; that the stepfather was good and nice to the little boy; that Sergeant and Mrs. Ogden had a suitable home and were securing a better one; that the child was happy.

Mrs. Ogden testified concerning the divorce between her and Mr. LeSueur; of her trip to Philadelphia; her marriage to and divorce from a Mr. Maribella about one month later, and of her marriage to W. R. Ogden in 1949; and that she was pregnant at the time of the trial. Further testimony was had concerning the return of the child to the father and her efforts to take the child, and that she was arrested and remained in jail for one night; and of the custody hearing and award by the court.

Nelson LeSueur testified as to his marriage to and divorce from the appellant; that appellant brought the baby to Georgia in August 1949 and stayed three weeks, and wanted to come back to appellee; as to his earnings and that he married his present wife, Bonnie, in February; that Paul was with them from August 1949 until May 1950; that he loved the child; and testified concerning the arrest of appellant and the subsequent custody hearing.

Bonnie A. LeSueur testified concerning the effort of Mrs. Ogden to get the child, and of the hearing and of the conduct of appellant toward Nelson LeSueur, and of her effort to get Nelson to divorce his wife and remarry his first wife; that the child was left with them; that the child got along all right; that she loved Paul.

It is made to appear that the mother of Paul is somewhat unstable, and was soon to have another child, and that her residence was not fixed but depended on the assignment her husband might get. It also is made to appear that the father was permanently located and had a suitable home for the child and that his present wife loved the child and took good care of him. The court doubtless considered all phases of the case and is a trial judge of great experience. Art. 4639, Vernon's Ann.Civ.St.; Hamer v. Hamer, Tex.Civ. App., 184 S.W.2d 492.

No objections were made to the pleadings as to insufficiency, or to the introduction of evidence because it was not supported by the pleadings. The issue of the insufficiency of the pleadings can not be made for the first time in an appellate court. Texas Rules of Civil Procedure, rules 67, 90; Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562.

In child custody cases the trial judge has the obligation to exercise his sound discretion in determining what is for the best interest of the child, and his judgment will not be disturbed unless an abuse of discretion is clearly shown.

The trial court heard the testimony, observed the parties and the witnesses, and had the right to exercise his discretion in determining what was for the best interest of the child, and we do not believe that the record shows that the trial court abused his discretion in awarding the full custody and control of said child to the father, except for the month of July of each year thereafter, during which period the plaintiff Marie A. Ogden should· have the custody and control of said child. 24 Tex.Jur., 315, Sec. 253; Lasater v. Bagley, Tex.Civ.App., 217 S.W.2d 687, Er.Ref. N.R.E.; Luman v. Luman, Tex.Civ.App., 231 S.W.2d 555.

The judgment of the trial court is affirmed.

Affirmed.