**McANALLY et al. v. McANALLY.**

No. 2865.

Court of Civil Appeals of Texas. Eastland.
April 13, 1951.

Rehearing Denied May 4, 1951.

T. R. Odell, Haskell, for appellants.

D. D. Williams, Throckmorton, for appellee.

GRISSOM, Chief Justice.

In November, 1950, Cleo McAnally sought a writ of habeas corpus to free Jimmie Alvern McAnally from an alleged illegal restraint by B. A. McAnally. She alleged that, in 1949, the District Court of Throckmorton County, in a divorce suit between Cleo McAnally and B. A. McAnally, awarded custody of their son, Jimmie Alvern McAnally, for six months of each

year to her and for six months of each year to the boy's father, B. A. McAnally. That under said order, she was entitled to custody of the boy until November 24, 1950, and that said order had not been changed.

B. A. McAnally answered that there had been a change in conditions since rendition of said judgment; that by reason of such change it would be to the best interest of Jimmie for his father to have sole custody. That since the former decree the father has had custody of Jimmie, with the consent of his mother, except for a short time; that since the former order he had married and he and his wife were in position to provide a suitable home for the boy; that he was a proper person to have complete and permanent custody of the boy; that his former wife had married his brother, who is in the army and subject to being transferred at intervals to different bases and posts of duty in the United States and overseas; that it would not be to the best interest of Jimmie to be moving from place to place. He further alleged that Cleo McAnally and her husband were not proper persons to have custody of Jimmie and it would not be to Jimmie's best interest to be placed in their custody; that Jimmie would soon be of school age and a division of his custody would disrupt his education and interfere with proper parental control; that if Cleo McAnally were awarded part-time custody she would remove Jimmie from Texas and out of the jurisdiction of the court; that B. A. McAnally is regularly employed and earns a salary sufficient to take care of Jimmie.

Cleo McAnally, joined by her husband, answered the cross-action of B. A. McAnally. They alleged they resided in Tucson, Arizona; that J. B. McAnally was stationed at an air force base there. They denied that B. A. McAnally was a proper person to have custody of Jimmie and alleged they were proper persons. They then alleged a change in conditions since rendition of the judgment dividing custody between Jimmie's mother and father and sought sole custody of the boy.

In a trial to the court, judgment was rendered that there had been a change in conditions since the former custody award;

that Jimmie's best interest would be served by awarding custody to the father from the first day of September of each year through May 31st and to the mother for the remainder of the year. The order provided that each party should have the right to have Jimmie visit with them at all reasonable times while he is in custody of the other, provided such visitation should not interfere with Jimmie's education. The court further ordered that the child not be removed from the jurisdiction of the court or out of Texas, unless permitted by the court. Cleo McAnally and husband have appealed.

Appellants' Point One is that the court erred in holding "that the best interests of the child of tender years in question, all other things being equal, is not with its mother."

We are not authorized to hold, as a matter of law without knowledge of the facts, that it is always to the best interest of a boy, old enough to attend school, that his exclusive custody should be awarded his mother. Ogden v. LeSueur, Tex. Civ.App., 236 S.W.2d 872. The trial court heard and considered evidence. No statement of facts has been filed in this court. In the absence of a statement of facts, this court must presume that evidence introduced was sufficient to authorize the judgment. Gholson v. Wilmoth, Tex.Civ. App., 225 S.W.2d 605, 607.

The second point is that the court impliedly found the mother was a proper person to have custody of the child by awarding her custody three months of each year. It is true that the court thereby impliedly found the mother was a proper person. But, it does not necessarily follow that the boy's best interest will not be served by the award made. If the evidence was in accord with the pleadings, the court could have found that Jimmie is now more than six years of age; that he has spent most of the last two years with his father; that his education will be better cared for in the custody of his father and that, generally, the child's best interest will be served by carrying out the orders of the court. This court will not presume that the trial

court abused its discretion. To reverse this judgment we must so presume in the absence of a statement of facts.

■ Appellants' third point is the court erred in ordering both parties not to move Jimmie out of Texas nor out of the jurisdiction of the court without the approval of the court. This, as well as the other points presented, are, in effect, answered by this court's opinion in Lasater v. Bagley, Tex. Civ.App., 217 S.W.2d 687, 690. We there held that the court had the power to enter such an order.

The judgment is affirmed.