## OTT v. OTT.

### No. 4784.

Court of Civil Appeals of Texas.
Beaumont.

Jan. 17, 1952.

Rehearing Denied Feb. 20, 1952.

Adams, Browne & Sample, Beaumont, for appellant.

John H. Land, Beaumont, for appellee.

WALKER, Justice.

This appeal is from that part of the trial court's decree determining the custody of the infant son of the parties.

The appellant and the appellee were wife and husband, respectively, and are the parents of the child. The appellant is the plaintiff and the appellee is the defendant.

The suit was for a divorce and for custody of the boy; and defendant filed a cross-action praying for the same relief. The cause was tried to the court sitting without a jury, and the trial court rendered judgment awarding plaintiff, the wife, a divorce from the defendant, and giving each parent general custody of the child for a period of six months. On the date of this decree, namely, June 29, 1951, the boy was 18 months and 11 days old, and custody of the boy during the first six months after the date of the decree was awarded to the mother, that is, the plaintiff, because the child was so young. The decree also provided that the parent who did not have general custody of the child during a six months period should have the child on alternate week ends, from 3 o'clock p. m. on Friday until 6 o'clock p. m. on Sunday. The decree also directed the defendant, that is, the father, to pay $50 a month for the child's support.

The plaintiff perfected an appeal from this decree and superseded the enforcement of the decree. While the cause was pending the plaintiff had custody of the child, and the effect of the trial court's order granting the supersedeas was to leave the plaintiff with custody of the child pending this appeal.

No statement of facts has been filed.

The trial court filed findings of fact and conclusions of law at the defendant's request, and supplemental findings have also been filed. The defendant has moved to strike the supplemental findings.

For the convenience of the parties, the supplemental findings will be allowed to remain among the filed papers of this cause, but we have concluded that these findings should not be considered and we have not done so in adjudicating this appeal. The period of time allowed by Texas Rule 386 for filing a transcript ended on August 23rd, and these supplemental findings were not filed in the trial court until August 30th, 7 days later. The findings were not presented to this court for filing until September 12, more than 15 days after the expiration of the period allowed for filing transcript. No reason now appears why the rules were not complied with in this case nor why compliance with the rules should not be enforced as the defendant prays, and the defendant's motion is granted to the extent stated. It has several times been held that various infractions of the rules pertaining to the preparation and filing of findings and conclusions were harmless under the circumstances and did not amount to reversible error and that the findings might be considered. See: Bostwick v. Bucklin, 144 Tex. 375, 190 S. W.2d 818; Mahaffey v. Mahaffey, Tex. Civ.App., 219 S.W.2d 519; Continental Fire & Casualty Ins. Corp. v. Surber, Tex. Civ.App., 231 S.W.2d 750; Town of Highland Park v. Marshall, Tex.Civ.App., 235 S.W.2d 658, at page 664. However, the facts before us are different from the facts considered in those decisions.

These supplemental findings consist very largely of evidentiary statements, and it may be said of them that such of them as tend to show that defendant ought not to have custody of the child must necessarily have been disregarded by the trial court in rendering judgment.

The violations of the rules which attended the filing of the supplemental findings also attended the filing of the original findings, both in the trial court and in this court. However, the merits of the appeal can be adjudicated without a consideration of these original findings, and in determining what judgment to render we have not taken the original findings into consideration. They actually add nothing to the significance of the other parts of the record which are discussed hereinafter.

The plaintiff argues under a number of Points of Error that the division of the custody of the parties' son was improper, and that the custody of the child should have been awarded to the plaintiff, that is, the mother, with a right of visitation awarded to the father. The following parts of the record are a sufficient basis upon which to adjudicate these arguments:

1. In the decree under review the trial court found that "the plaintiff, Connis Joyce Ott, is a fit and proper person to have the care and custody of said minor

child." Of course, the award of custody to the father for periods of time exactly as long as those during which the custody was awarded to the mother necessarily implies that the father was also a fit and proper person to have the custody of the child during the periods set aside to him.

2. We have mentioned the extreme youth of the child on the date of the trial court's decree. At this time the child was 18 months and 11 days old.

3. It is evident from the record apart from the findings of fact that the trial court's division of custody between the parents was not based upon an implied finding that for some reason undisclosed by the record the plaintiff could not provide a proper home and proper care for the child during the periods of time when custody was granted to the father.

The plaintiff had custody of the child for at least six months before the decree of the trial court was rendered, and this custody was granted to her by the trial court pursuant to her application therefor. Thus, she filed her petition on December 28, 1950 and in this prayed that defendant be restrained pending the suit from "interfering with the custody of said minor child" and also prayed that she be awarded funds for the child's support. Obviously, the plaintiff had the child in her custody when this pleading was filed. She alleged that she had separated from the defendant "on or about December 26, 1950" two days before her petition was filed, and it seems a reasonable inference that she had had the custody of the child since the separation.

The trial court, on the day when the petition was filed, made an order granting the plaintiff the relief for which she had prayed. This order enjoined the defendant "from bothering the plaintiff or coming about her person or accosting her * * * and from interfering with the custody of said minor child until further order of this court." This order also required the defendant to appear on January 5, 1951 and show cause why additional orders should not be made.

Defendant's answer and cross-action were filed on January 4, 1951. This pleading alleged that the plaintiff had custody of the child but prayed that the defendant be given custody of the child pending the suit and that the plaintiff be then enjoined from interfering with *his* custody.

On January 22, 1951, pursuant to the hearing ordered on December 28th to be had on January 5th, the trial court made an order confirming the general custody of the child to the plaintiff and restraining the defendant from interfering with this custody pending the suit but allowing the defendant to have the child to himself "for visits on Tuesdays and Thursdays." Defendant's prayer for custody pending the suit, made in his cross-action, was denied except so far as the custody granted the plaintiff was modified. This order was intended to operate until the suit was determined in the trial court.

On February 7, 1951, the plaintiff applied to the trial court for an order directing the defendant to provide support for the child while the suit was pending. The trial court, by an order dated February 7th, set this application for hearing on February 16th; but no further action on this application is shown by the record.

On March 21, 1951, the trial court heard evidence on the merits of the petition and the cross-action and took the same under advisement; but at that time the trial court made an order which again confirmed plaintiff's general custody but allowed the defendant to have the child to himself on certain days. This order changed the rights granted the defendant by the order of January 22nd and reduced these rights slightly. Thus, instead of having the child to himself on each Tuesday and Thursday, the defendant by the order of March 21 was allowed to have the child on each Tuesday from 9 o'clock a. m. until 4 o'clock p. m. and during the same hours on alternate Saturdays (instead of each Friday). The order of March 21 also directed the defendant to pay $50 per month for the support of the child.

This order of March 21 remained in force until the final decree was rendered,

and this occurred on June 29, as we have stated.

We have already referred to the fact that the final decree awarded custody of the child to the mother during the first six months after the date of the decree. Thus the record shows that from December 28 to June 29, a period of six months and two days, the plaintiff had general custody of the child by order of the trial court and further, that for the next successive period of six months, she was also to have general custody of the child, and all by the order of the trial court. The defendant's right to have the child on certain days which was granted to him by the orders of January 22 and March 21 seems about the equivalent of a right of visitation, and we presume that it was intended to enforce this right.

These circumstances are inconsistent with, and therefore rebut, any implication that the trial court's judgment was based upon a finding that for some reason undisclosed by the record the plaintiff was deemed not to be a suitable person to have the custody of the child for more than the six months periods awarded to her.

This construction of the record, of course, is confirmed by the trial court's order superseding the final decree at the request of the plaintiff. This order necessarily left the plaintiff with the general custody of the child until the appeal was adjudicated.

Further, our construction of the record is confirmed by the allegations of the petition and the cross-action, to which, we must suppose, the proof bore some reasonably close approximation. Plaintiff alleged in general terms that "she is a fit and proper person to have the care and custody of said child and it would be to the best interest of said child that she be awarded the care and custody of said minor child." She alleged nothing disqualifying the defendant to have the custody of the child. The defendant's cross-action made similar general allegations but it also alleged some details reflecting on the general fitness of the plaintiff to have the custody of the child. The trial court's decree expressly finds the plaintiff to be a fit and proper per-

son, and this finding rebuts these allegations. However, the feature of defendant's allegations which is significant at this point is the absence of any allegation which would disqualify the plaintiff to have custody of the child for a period longer than six months if it should be determined that she was a fit and proper person to have custody for any period.

4. It is also evident that plaintiff's custody was not limited because of any financial inability to provide for the care of the child.

By way of summary, we construe the record, excluding both sets of findings of fact, as showing affirmatively that the plaintiff was a fit and proper person to have the custody of the child, and further, that the division of custody made by the trial court was not based upon any fact or circumstance which disqualified the plaintiff, or made it improper, for her to have custody of the child at times and for periods other than those granted to her. This conclusion makes inapplicable the presumption on which the defendant relies, namely, that no statement of facts having been filed and no findings inconsistent with the trial court's decree being properly on file, support for the judgment in the evidence will be presumed.

A division of the custody of divorced parents' children has often been made by the trial courts; and it has sometimes been affirmed and it has sometimes been reversed on appeal. See the following decisions, listed under the courts deciding them, the decisions italicized being those in which division of custody, as such, was mentioned or discussed:

Commission of Appeals: *Castro v. Castellanos*, 294 S.W. 525, at page 527.

Courts of Civil Appeals: (a) Galveston: Hamer v. Hamer, 184 S.W.2d 492; (b) Fort Worth: Smith v. Biggers, 41 S.W.2d 325; Wilton v. Spencer, 140 S.W.2d 306; Lacy v. Hitzeman, 190 S.W.2d 764; (c) Austin: Patterson v. Wilson, 177 S.W.2d 1004; Bohls v. Bohls, 188 S.W.2d 1003; *Byrd v. Byrd,* 195 S.W.2d 822; Ogden v. LeSeuer, 236 S.W.2d 872; (d) San Antonio; *Liddell v. Liddell,* 29 S.W.2d 868,

at page 871; (e) Texarkana: Evans v. Hunt, 195 S.W.2d 710; Lovelace v. White, 209 S.W.2d 422; (f) Amarillo: Conley v. St. Jacques, 110 S.W.2d 1238; Brillhart v. Brillhart, 176 S.W.2d 229; *McGarraugh v. McGarraugh,* 177 S.W.2d 296; *Murphey v. Walker,* 209 S.W.2d 371; *Dunn v. Dunn,* 217 S.W.2d 124; *Bezner v. Sawyer,* 217 S.W.2d 858; *Immel v. Immel,* 231 S.W.2d 732; Kelly v. Applewhite, 231 S.W.2d 974; (g) El Paso: Fasken v. Fasken, 260 S.W. 698; Turk v. McClure, 63 S.W.2d 1049; Williams v. Guynes, 97 S.W.2d 988; *Son v. McConnell,* 228 S.W.2d 290; *Schmitz v. Andrews,* 239 S.W.2d 445; (h) Waco: *Swift v. Swift,* 37 S.W.2d 241; *Martin v. Martin,* 132 S.W.2d 426; Norris v. Norris, 194 S.W.2d 813; (i) Eastland: Custer v. McGough, 184 S.W.2d 668; *Watts v. Rutledge,* 211 S.W.2d 995; Lasater v. Bagley, 217 S.W.2d 687; Wade v. Shaughnessy, 231 S.W.2d 494; *Canning v. Canning,* 237 S.W.2d 1019; McAnally v. McAnally, 239 S.W.2d 154.

With these decisions should be considered those pertaining to the parent's right to enjoy the child's society separate and apart from the other parent. Cox v. Ueblacker, Tex.Civ.App., 197 S.W.2d 146, and Felker v. Felker, Tex.Civ.App., 216 S.W.2d 669, both by Dallas, and Schmitz v. Andrews, supra.

Fact situations showing the effect which a division of custody between parents may have on the mind and on the physical health of a small child are described in Bohls v. Bohls, Tex.Civ.App., 188 S.W.2d 1003; Evans v. Hunt, Tex.Civ.App., 195 S.W.2d 710, and Wade v. Shaughnessy, Tex.Civ.App., 231 S.W.2d 494. For an extreme case, see Patterson v. Wilson, Tex. Civ.App., 184 S.W.2d 504.

█ It is our conclusion that whether the custody of a child should be divided, and if so, what division should be made, are only some of the matters to be considered by the trial court in determining what judgment will be for the best interest of the child, and that the facts of the particular case must necessarily determine the judgment to be rendered. However, we think that, at least in the case of very young children, it is not for the best interest of the child to make a division of custody which does more than afford one of the parents an adequate right of visitation and opportunity of retaining the affection of the child; and that some circumstance out of the ordinary ought to be proved in order to justify a division of custody which goes beyond this.

█ It is believed that in the case now before us, the division of custody made by the trial court is not for the best interest of the child of the parties. The mother is a fit person to have the general custody of this child and no reason appears why she cannot be entrusted with the full custody. The child is very young and, his mother being a fit person to have him, should be referred to a mother's care for the time being. It is necessary that this child be subjected to some continued plan and method of control and training, and the division of custody made by the trial court will prevent the accomplishment of this result.

The decree of the trial court is accordingly reversed. The cause was tried upon an incorrect theory. Further, almost six months have passed since the trial court's decree was rendered, and the trial court will accordingly now have more information concerning the issues between the parties. Further, the trial court will be in a much better position than we are to determine how the right of visitation shall be exercised and whether the parent not awarded general custody, if such be the decree on another trial, should see the child apart from the other parent. For all of these reasons, the cause is remanded for a new trial of the issues as to the custody of the child. That part of the trial court's decree awarding plaintiff a divorce and partitioning the parties' property has not been attacked and is final.