## THURSTON v. THURSTON.

### No. 4808.

Court of Civil Appeals of Texas.
Beaumont.

Sept. 11, 1952.

R. Lee Davis, Orange, for appellant.

S. P. Dunn, Orange, for appellee.

WALKER, Justice.

This appeal is not correctly styled in the record. There are two appellants, namely, Frances Ann Whitfield and her husband, George W. Whitfield. Mrs. Whitfield was formerly the wife of the appellee; they were divorced by a decree of the Circuit Court of Rush County, Indiana, dated July 7, 1951, and subsequently Mrs. Thurston married Mr. Whitfield.

The suit was brought by the appellee, referred to hereinafter as the Plaintiff, to recover the custody of the infant son of himself and his former wife, Mrs. Whitfield. The appellants were the Defendants. The decree of the Indiana court awarded the custody of the child to the Plaintiff, and Plaintiff's suit was founded upon this provision of that decree. The trial court awarded the custody of the child to the Plaintiff, and from this judgment the Defendants have appealed.

The Defendants filed an answer and a cross action, but Plaintiff filed a motion praying that this entire pleading be stricken, and the trial court sustained this motion. We shall first summarize the Defendants' pleading.

The Defendants' answer consisted of a motion to dissolve an injunction, a general demurrer, and a general denial. The cross action prayed recovery of the custody of the child, and two grounds were alleged in support of this prayer. We assume that the first has been abandoned. The other is a change of conditions affecting the welfare of the child which, Defendants alleged, had occurred since the rendition of the Indiana decree. The essential facts pleaded are: (a) The rendition of a decree on July 7, 1951, by the Indiana court awarding Plaintiff the custody of the child; (b) The child was either 18 months old when the pleading was filed (September 24, 1951) or else was of that age when the Indiana decree was rendered, two and one-half months earlier. (c) The Defendant Frances Ann Whitfield is the mother of the child. She has had custody of the child at least since April 30, 1951; on that day she left her residence in Indiana and with the child returned to her residence in Orange County, Texas; (d) "Since the rendering and entering of the aforesaid decree, circumstances and conditions of the mother of said minor, and said minor, have materially changed, and that it is and will be to the best interests and welfare of said minor that his care, control and custody be awarded" to the Defendants.

The essence of the change alleged is that the defendant Frances Ann Whitfield had become and was now able to support and

to properly care for the infant. This was a consequence of her remarriage. She now has an adequate income and an allegation that the child "is being reared in wholesome environments" necessarily implies a proper home.

Collateral to this change are allegations that Defendants love the child, and that he loves them; that he is being properly cared for by Defendants and that Defendants will continue to care for him properly; that the mother's parents reside in Orange County, love the child, and are able to and want to help Defendants care for the child. Further: "that said cross-defendant is not the fit or proper person to have the custody of said infant child by reason of the fact that he does not love him—that he has no one to rear and look after said child during cross-defendant's working hours and at other times, his mother with whom he was living when such decree was entered of record being of feeble health and sick and her home being crowded, and that said minor child would be deprived of proper rearing and educational advantages should his custody be left with said cross-defendant." (e) From the allegation mentioned above "that said minor is being reared in wholesome environments", it is a necessary implication that the Defendants, who have the child, are people of good character and are proper persons to have a child.

Plaintiff's motion to strike the Defendants' pleading alleged two grounds. The first only involved the full faith and credit clause of the Federal constitution in support of the judgment on which the suit was founded. The second read as follows: "The facts alleged in the cross action of Defendant upon which Defendant bases her allegations of changed conditions all occurred prior to the time of judgment and were all before the court of the State of Indiana when judgment was rendered."

The trial court's judgment contains the following statements about the Plaintiff's motion to strike: "—came the parties by their attorneys and announced ready upon the facts alleged in Defendants' answer and cross action, and having examined the pleadings and heard the argument of counsel thereon, and it appearing that Plaintiff's cause of action is for the enforcement of a judgment entered by Rush Circuit Court, Rush County, State of Indiana, in cause—and it further appearing that the facts alleged in Defendants' answer and cross action are not such as to apprise or bring before the court or raise the issue of any material change in the condition of the parties since the date of said Indiana judgment, the court is of the opinion that the law is with the Plaintiff. It is therefore ordered—that Plaintiff's motion to strike Defendants' answer and cross action be— sustained;—" The Judgment proceeds with an adjudication in favor of Plaintiff which is based upon and purports to be an enforcement of the Indiana decree.

The language quoted from the trial court's judgment is as much appropriate to a determination that the facts alleged by the Defendants did not amount to a change in conditions which would authorize a change in the custody of the child even though occurring after the Indiana decree was rendered, as it is to a construction of the Defendants' allegations and a determination that the facts alleged had actually occurred before the Indiana decree was rendered. The Plaintiff's motion actually does not present the first of these alternatives, and it may be that the language quoted ought to be construed as representing the second alternative and thus as enforcing a plea of res judicata. The Defendants have made no point of these matters, but the form of the trial court's judgment requires a discussion extending beyond the limits of the Plaintiff's motion.

### Opinion.

The two grounds alleged in the Plaintiff's motion to strike do not support the trial court's judgment. The first ground, that the Indiana judgment was entitled to full faith and credit, was not material if the facts alleged in the cross action showed a change since the Indiana decree in the conditions affecting the welfare of the child, for in that event the trial court had power to change the custody of the child as the change in conditions required. Goldsmith v. Salkey, 131 Tex. 139, 112 S. W.2d 165, 116 A.L.R. 1293. The second ground, that the matters alleged by the De-

fendants existed or had occurred before the Indiana decree was rendered, is a misconstruction of the Defendants' allegations. The Defendants plainly alleged occurrences since the rendition of the Indiana decree, and the question which Defendants' allegations present is simply the legal sufficiency of the alleged facts to authorize a change in the custody of the child.

We hold that the change in conditions affecting the welfare of the child which the Defendants alleged would authorize a change in the custody of the child. The Defendants' allegations show that the child is very young and that one of the Defendants, that is, one of the Cross Plaintiffs, is the mother of the child. Normally, if the mother is a suitable person to have the child (and the Defendants allege, in effect, that Mrs. Whitfield is such a person) she ought to have the custody and care of the child, at least for the time being. Of course she ought not to have the child if she has no home for him and lacks funds with which to properly care for him, but the Defendants say that since the Indiana decree was rendered the mother has acquired funds and home, independent of any contribution by the Plaintiff. A comparison of the child's surroundings in Defendants' home with those which would attend the presence of the child in the Plaintiff's custody, as the Defendants' describe those conditions, shows that the welfare of the child would be better served by leaving him with the Defendants, at least for the time being. It may be that the principal change is in the mother's ability to care for the child, but this may be enough because on it may depend the operation of every other factor relevant to the welfare of the child. See Duncan v. Duncan, Tex.Civ.App., 197 S.W. 2d 229; and see generally Ott v. Ott, Tex. Civ.App., 245 S.W.2d 982.

We consider it immaterial that custody had been divided between the parents and that the successful parent thus had partial custody when suit was filed.

Plaintiff says that no change in his ability to care for the child has been alleged. The argument does not take into account the possibility exemplified by this very case, that a change in the conditions of one par-

ent may make it better for the child to be with that parent than with the parent to whom custody was awarded. An invariable rule of law such as Plaintiff contends for ought not to be declared; the court must remain free to act according to the welfare of the child, as the facts presented to the court may require.

These conclusions require that the judgment be reversed and that the cause be remanded for trial on the merits and it is so ordered.